502 P.2d 1117 (1972)
Ilene Brenda BLOCK, a minor, by her father and next friend, Matthew H. Block, Plaintiff-Appellant,
v.
George BALAJTY, Defendant-Appellee.
No. 71-339.
Colorado Court of Appeals, Div. I.
August 22, 1972.
Rehearing Denied September 12, 1972.
Certiorari Denied December 4, 1972.
Kripke, Carrigan & Dufty, P.C., Douglas E. Bragg, Denver, for plaintiff-appellant.
Gavend, Gleason & Sullivan, Edward R. Gleason, Denver, for defendant-appellee.
Selected for Official Publication.
SMITH, Judge.
Ilene Block was driving an automobile when it was struck by a vehicle driven by George Balajty. Her right arm, which at the time of impact was resting on the gear shift lever, was allegedly forced into her shoulder. An action for personal injuries *1118 was brought by Matthew H. Block, on behalf of his minor daughter, against George Balajty. Before trial, defendant admitted "liability", that is to say, he admitted that a negligent act or acts on his part caused the accident and acknowledged his responsibility for any damages directly and proximately resulting therefrom. Defendant specifically denied that plaintiff suffered any damages as a result of his admittedly negligent acts. Therefore, the only issue for determination at trial was whether the acts of the defendant caused the injury of which plaintiff complained. It is undisputed that plaintiff had suffered previous shoulder injuries. The jury returned a verdict for the defendant. We affirm.
Plaintiff contends that where liability is admitted, a verdict for defendant is not proper. This argument overlooks the fact that, in this case, defendant's admission of liability did not include an admission that he caused any injury to the plaintiff. Proof of such injury was essential for plaintiff to recover damages. Manemann v. United States, 10 Cir., 381 F.2d 704. It was within the province of the jury to determine that defendant's acts did not cause injury to the plaintiff and, hence, to find, as they did, for the defendant.
Plaintiff also contends that by giving Colorado Jury Instructions 9:24, the court misled the jury into believing that, for plaintiff to recover, defendant's acts had to have been the sole cause of all the injuries of which plaintiff complained. Although Colorado Jury Instructions 9:26 would have better defined proximate cause as it related to the instant case, nevertheless, the jury was advised as to the proper standards for determining entitlement to damages by the court's other instructions, particularly by an instruction virtually identical to Colorado Jury Instructions 6:8. An instruction that is merely defective, incomplete, inaccurate, or ambiguous may be cured by other instructions. Nelson v. Nelson, 27 Colo.App. 104, 146 P. 1079.
In the instant case, the court's concluding instruction read, in part, as follows:
"No one of these instructions states all of the law applicable, but all of them must be taken, read and considered together as they are connected with and related to each other as a whole."
The instructions taken and read as a whole make abundantly clear the jury's responsibility relative to damages. It is apparent that the jury found plaintiff received no injuries, or aggravation of pre-existing injuries, as a result of the defendant's acts. A careful review of the record reveals that there was evidence to support this conclusion. Although our conclusion from the record might differ from that of the jury, we may not judge credibility of witnesses, or the weight of evidence, and we will not overturn the jury's verdict where it is supported by competent evidence. Seifried v. Mosher, 129 Colo. 156, 268 P.2d 411.
Affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.