513 P.2d 1065 (1973)
Harry U. GILMER, Plaintiff-Appellee,
v.
PLAYBOY CLUB OF DENVER, INC., and William Wiezorek, Defendants-Appellants,
Louis Shain, Defendant.
No. 72-253.
Colorado Court of Appeals, Div. I.
August 21, 1973.
Peter H. Ney, Englewood, for plaintiff-appellee.
Yegge, Hall & Evans, Raymond J. Connell, Denver, for defendants-appellants.
Not Selected for Official Publication.
SMITH, Judge.
This appeal is from a judgment in favor of Harry U. Gilmer, in the amount of $2,500 actual damages and $2,500 exemplary damages entered pursuant to a jury verdict against defendants Playboy Club of Denver, Inc., and William Wiezorek for false imprisonment. We affirm in part and reverse in part.
On New Year's Eve of 1969, Harry Gilmer, his wife, and two friends, after dining in a restaurant, went to the Denver Playboy Club. Shortly after ordering drinks, Mr. Gilmer was told by an employee of the *1066 club that the group must leave because of their loud and boisterous conduct. When Gilmer requested the return of the group's coats from the checkroom girl, he was told by defendant Wiezorek, general manager of the club, that the coats would not be returned until the bill was paid. Wiezorek was under the mistaken impression that the drinks had been served to the group and therefore, although they had been ordered to leave, he refused them their coats and the right to depart. The detention continued, even after Gilmer explained that they had not been served until ultimately, Wiezorek had Gilmer forcibly placed in the elevator, in the company of defendant Shain, an off-duty police officer who was employed by the Club as a security guard. Upon arrival of the elevator at the 1st floor of the hotel, Shain removed Gilmer from the elevator, and an altercation between Shain and Gilmer resulted in the arrest of Gilmer for intoxication in a public place, resisting arrest, disturbance and destruction of private property.
The jury returned four verdicts, two of which are pertinent here:
"We, the Jury, find the issues for the plaintiff, Harry U. Gilmer, and against the defendants, Playboy Club of Denver and William Wiezorek, on the claim of false imprisonment, and assess plaintiff's actual damages in the amount of $2,500. We further find exemplary damages in the sum of $2,500."
"We, the Jury, find the issues herein joined in favor of the defendants and against the plaintiff on the claim of false imprisonment."

I.
Playboy Club and Wiezorek first contend that these verdicts are inconsistent and therefore cannot be held. It is true that the verdicts, standing alone, appear inconsistent. However, when read within the context of the record, the intention of the jury is plain, and the verdicts are not contradictory.
It is clear from the record that plaintiff's theory of the case rested on two separate incidents of false imprisonment: the first allegedly occurred in the lobby of the Playboy Club when Wiezorek, as manager of the club, sought to detain Gilmer until the bill was paid; the second allegedly occurred on the first floor of the hotel when the altercation between Gilmer and Shain resulted in Gilmer's arrest. The trial court recognized this distinction in Jury Instruction No. 21:
"You are instructed that the claim of false imprisonment by the plaintiff, Harry U. Gilmer, against the defendant, William Wiezorek, is limited alone to the circumstances that occurred in the lobby of the Playboy Club, Inc. He is not responsible for any confinement beyond that point."
From the evidence adduced at trial, the jury could reasonably conclude that Wiezorek and Playboy Club, as principal, were liable for Gilmer's detention in the lobby of the Playboy Club. It would not be inconsistent for the jury to determine that no false imprisonment arose from Shain's conduct on the first floor of the hotel which would render Shain and Playboy Club of Denver, as principal, liable. As we read the verdicts above quoted, this is precisely the determination the jury sought to convey through entry of the two separate form verdicts. The first, finding Wiezorek and Playboy Club of Denver liable, refers to the detention in the Playboy Club lobby. The second, declaring all defendants free of liability for false imprisonment, refers to the asserted detention on the first floor of the hotel. Wiezorek could not be found liable for this second alleged imprisonment under Jury Instruction No. 21. The jury found in favor of Shain, and Playboy Club as his principal, on the basis of the evidence. We therefore conclude that the two verdicts are not inconsistent.

*1067 II.
Appellants also contend that their actions fall within the shopkeeper's privilege to detain for investigation. The instruction given to the jury was substantially the same as that provided in Colorado Jury Instructions 21.7. It is sufficient to note that it is for the jury to determine whether defendants detained plaintiff solely for the purpose of questioning him and whether defendants questioned plaintiff in a reasonable manner for a reasonable length of time. See J. S. Dillon & Sons Stores Co. v. Carrington, 169 Colo. 242, 455 P.2d 201. There was sufficient evidence in the record to support the conclusion the jury reached. Block v. Balajty, 31 Colo.App. 237, 502 P.2d 1117.

III.
Appellants maintain that due to certain defects in the instructions given by the trial court to the jury, the award of actual damages was excessive. In this case, the pronouncement of the Supreme Court in Union Pacific R.R. v. Dennis, 73 Colo. 66, 213 P. 332, is equally applicable here:
"[i]n addition to those items of damage which could be specifically ascertained i.e., expense, lost time, and medical billsthere is ample evidence to show pain and suffering, humiliation and injured reputation. Such damages can never be accurately measured, and their monetary compensation is impossible. Their ascertainment must be committed to the sound judgment of the jury under proper instructions."
Appellant's objections concerning the instructions are without merit. After a careful perusal of the instructions given the jury, we have determined that the jury was properly instructed as to the measure of damages to be applied in determining the liability of each defendant and that the instructions were supported by the evidence and the law. Hence, the judgment of the jury concerning this matter will not be disturbed.
To justify an award of exemplary damages in an action for false imprisonment, "the act causing the injuries must be done with an evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as to evidence a wrongful motive." Johnson v. Enlow, 132 Colo. 101, 286 P.2d 630. On the basis of the record before us, we find no evidence to support the conclusion that Wiezorek or Playboy Club acted with an evil intent or wrongful motive. Consequently, we agree with appellants that the award of exemplary damages must be set aside.
Judgment affirmed as to all aspects except that of the award of exemplary damages which is reversed.
Judgment affirmed in part and reversed in part.
ENOCH and PIERCE, JJ., concur.