528 P.2d 259 (1974)
Jesus GONZALES, Plaintiff-Appellant,
v.
Charles C. HARRIS and Robert Easterday, Defendants-Appellees.
No. 73-233.
Colorado Court of Appeals, Div. I.
August 13, 1974.
Rehearing Denied September 10, 1974.
Certiorari Granted December 2, 1974.
*261 Frank N. Dubofsky, Denver, Jonathan D. Asher, Greeley, for plaintiff-appellant.
Duane O. Littell, Peter F. Jones, Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
Plaintiff sued for false imprisonment and slander. Two days before the trial, plaintiff requested and the trial court denied a continuance. During the trial, defendants requested, and the trial court granted leave to amend their answer to plead the affirmative defense of common law privilege to detain for investigation. After a trial to the court, judgment was entered for defendants and plaintiff appeals. We affirm.
The crucial issues presented in this case are whether defendants, pursuant to a merchant's qualified privilege to detain for investigation under 1967 Perm.Supp., C.R.S.1963, 40-5-31, or under the common law, stopped the plaintiff in good faith and upon probable cause and questioned the plaintiff in a reasonable manner, and whether the denial of plaintiff's request for a continuance constituted an abuse of discretion.
Most of the facts in this case were disputed and were the subject of conflicting testimony. From a careful examination of the record, we understand the facts to be briefly as follows:
Plaintiff entered defendant Easterday's drug store to purchase some hair dressing. While he was in the store, defendant Harris, an employee of Easterday, thought he had observed plaintiff place an article into his coat pocket. It is disputed as to where plaintiff was located in the store when Harris noticed this behavior. After observing the supposed concealment, Harris notified Easterday of plaintiff's actions. Easterday immediately told another employee to watch plaintiff while Easterday left the store through a rear door and proceeded to wait for plaintiff outside the front door. During these moments, however plaintiff was not kept under constant surveillance. Plaintiff then went to the cashier and paid for some items. As plaintiff left the store, Easterday stopped him and requested that he return to the store.
The testimony is in conflict as to what occurred after plaintiff returned into the front portion of the store. Plaintiff contends that Easterday immediately asked to see his raincoat and directed him to empty his pockets. Easterday maintained that he asked plaintiff to step into the back of the store to discuss the matter and that plaintiff thereupon threatened him with a lawsuit. Customers who observed the scene in the store testified that plaintiff, immediately upon entering the store with Easterday, became very excited, took off his coat, turned his trouser pockets inside out and kicked off his shoes. After these actions revealed no items which had not been paid for, Easterday called across the store some forty feet to ask defendant Harris where plaintiff had concealed the item. The claim for slander arose primarily from this published statement. Harris responded that he believed the item was in plaintiff's right coat pocket. Easterday then searched the coat pocket and did not find any stolen items. After this search, Easterday told plaintiff to remain in the front section of the store while he searched that portion of the store where plaintiff might have concealed a stolen item, and again asked an employee to watch plaintiff. This search revealed no hidden items within the store attributable to plaintiff. Plaintiff then asked that the police be called and reiterated his threat to sue Easterday. Easterday thereupon ordered plaintiff to leave the store and directed him never to return. Approximately fifteen minutes had elapsed from the time Easterday *262 stopped plaintiff outside the store until plaintiff finally departed.
The trial court found from conflicting evidence that the initial apprehension of plaintiff was made in good faith and was reasonable under the circumstances. The court also found that the subsequent detention was reasonable.

I
Plaintiff asserts that, as a matter of law, the standards set out in 1967 Perm.Supp., C.R.S.1963, 40-5-31,[1] were not met, and thus defendants are not entitled to the protection of the statute, which states:
"Questioning of person suspected of theft without civil liability.If any person shall willfully conceal upon his person or otherwise any unpurchased goods. . . the merchant or any employee thereof . . . acting in good faith and upon probable cause based upon reasonable grounds therefor, may question such person, in a reasonable manner for the purpose of ascertaining whether or not such person is guilty of theft. Such questioning . . . shall not render such merchant, merchant's employee. . . civilly liable for slander, false arrest, false imprisonment, malicious prosecution or unlawful detention." (emphasis added)
In J. S. Dillon & Sons Stores Co. v. Carrington, 169 Colo. 242, 455 P.2d 201, the predecessor to this statute was construed in an analogous situation to the instant case. There the court determined that, inasmuch as the evidence raised no disputed factual issue, the question of whether the defendant store, in stopping plaintiff and questioning him, acted in good faith and upon probable cause based upon reasonable grounds posed only a question of statutory interpretation. However, the court ruled that where the evidence of the reasonableness of defendant's conduct after it had stopped the plaintiff was in dispute, the question was one of fact to be properly resolved by the trier of the facts. In the instant case, all of the important facts relating to probable cause for the detention and the reasonableness of questioning by the defendants thereafter, were disputed in the evidence. Therefore, applying the standard set forth in J. S. Dillon & Sons Stores Co. v. Carrington, supra, we hold that the good faith and probable cause of the defendants to detain plaintiff for the purpose of questioning him and the reasonableness of the questioning of plaintiff thereafter, were properly questions of fact to be resolved by the trial court.
In a trial to the court, credibility of witnesses, sufficiency, probative effect and weight of all the evidence and inferences and conclusions to be drawn therefrom are within the province of the trial court whose conclusions will not be disturbed unless so clearly erroneous as to find no support in the record. Rutherford v. Scarborough, 28 Colo.App. 352, 472 P.2d 721. In the instant case, all of the evidence was based on witnesses' testimony and the credibility of these witnesses was the crucial element in the determination of the issues. Therefore, we will not attempt to determine from a reading of the record which of the various conflicting testimony is the most credible, although in this particular case, we might well have reached a different conclusion. Seifried v. Mosher, 129 Colo. 156, 268 P.2d 411; Block v. Balajty, 31 Colo.App. 237, 502 P.2d 1117.
In the instant case, after plaintiff's person had been searched, he was detained while defendant searched the store for a concealed item. 1967 Perm.Supp., C.R.S.1963, 40-5-30,[2] which prescribes that concealment of goods is prima facie evidence of the intent to commit the crime of theft, states that concealment of goods may either be on the person or otherwise and *263 that it makes no difference whether the concealment occurs on or off the premises of the store. We believe that by proscribing concealment of goods on the person or otherwise, whether on or off the premises, the legislature recognized that one of the more effective "techniques" in shoplifting is the removal and concealment of items in areas more accessible to exits, entrances windows, etc., thereby facilitating a subsequent removal from the premises.
Because this statute makes concealment within the store prima facie evidence of the intent to commit the crime of theft, we hold that defendant's act in detaining plaintiff during this search was protected under 1967 Perm.Supp., C.R.S.1963, 40-5-31. That is, if concealment within the store is prima facie evidence of an element of the crime of theft, the storeowner should be able, under the statutory privilege, to detain the suspect while a reasonable search of the store for that evidence is being executed. Additionally, the statutory privilege specifically extends to the situation where concealment may have occurred other than on the person of the suspect.
We also note that the question of whether defendants' search of plaintiff's person was protected by the statutory privilege is not at issue here. Therefore, our holding in this case should not be understood as standing for the proposition that the statutory privilege includes the right of a storeowner to search the person of a customer.

II
The plaintiff also urges that the trial court erred in allowing defendants to amend the pleadings to include the common law privilege to detain for investigation. He argues that 1967 Perm.Supp., C.R.S.1963, 40-5-31, requires actual concealment by the customer and, thus prescribes a more stringent test than the common law privilege which only requires reasonable grounds to believe that someone had wrongfully taken or concealed merchandise. 1967 Perm.Supp., C.R.S.1963, 40-5-31, states in pertinent part:
"If any person shall willfully conceal upon his person or otherwise any unpurchased goods. . . ."
J. S. Dillon & Sons Stores Co. v. Carrington, supra, construed the predecessor to this statute, which stated:
"If any person shall commit the offense of shoplifting . . . or if any person shall willfully conceal upon his person or otherwise any unpurchased goods . . ."
The court held that the suspected party does not actually have to be guilty in order for the merchant to be entitled to the protection of the statute. Consistent with this rationale, we hold that the suspected party does not actually have to conceal the goods, but that it is sufficient if the merchant reasonably believes that such a concealment has in fact taken place.
The trial court in its conclusions of law approved the actions of the defendant based upon the common law privilege. The common law privilege requires that a merchant have reasonable grounds to believe that a customer has removed merchandise from the premises or has failed to pay for goods he has received. See Colorado Jury Instructions 21:8. 1967 Perm.Supp., C.R.S.1963, 40-5-31, which establishes the applicable statutory privilege and 1967 Perm.Supp., C.R.S.1963, 40-5-30, which defines concealment, must be read together. They confer the statutory privilege to question concerning goods concealed either upon the person or otherwise, whether on or off the premises. Thus, the statutory privilege not only codifies the common law privilege, but expands that privilege to include a search for goods that are not on the person but are still on the premises. Therefore, although the trial court mistakenly applied the superseded common law privilege, we can find no error in its application under these circumstances. Hence, defendants' amendment to include as an affirmative defense *264 the common law privilege to detain for investigation did not present any new issues which would unfairly impede the plaintiff's cause of action, and the trial court did not commit error in allowing the defendants to amend their answer to set forth an affirmative defense not previously pleaded. We also note that under the provisions of C.R.C.P. 15(b), the right to amend pleadings to conform to the evidence is expressly allowed upon leave by the trial court. The granting or denial of permission to amend a pleading is a matter that lies within the sound discretion of the trial court. Fedderson v. Goode, 112 Colo. 38, 145 P.2d 981.

III
The plaintiff argues that the trial court erred in not granting the plaintiff's request for a continuance. We disagree. An application for a continuance rests in the sound discretion of the trial court, and its ruling thereon will not be disturbed unless there has been a clear abuse discretion. Colorado Trading & Transfer Co. v. Oliver, 20 Colo.App. 257, 78 P. 308. Although many courts might have granted a continuance under these circumstances, we are unwilling to hold that the trial court abused its discretion. The plaintiff requested a continuance only two days before trial. No affidavits from the plaintiff, or anyone else, were presented to substantiate the necessity for the continuance or the length of delay necessary, and instead, the request was based upon information allegedly conveyed to plaintiff's wife and in turn to his counsel that the plaintiff was incarcerated in Mexico. Even assuming, as the trial court did, that the information was correct, no indication was made to the court when or if plaintiff would return to prosecute this action. We are not prepared to say, as a matter of law, that the inability of a plaintiff in a civil action to appear at trial because he is serving a jail sentence constitutes an automatic entitlement to a continuance and that, therefore, the trial court abused its discretion in failing to continue the trial.
Judgment affirmed.
PIERCE, J., concurs.
RULAND, J., dissents.
RULAND, Judge (dissenting):
I respectfully dissent.
Although two searches of plaintiff demonstrated that he had not concealed any merchandise of Easterday Drug on his person, the majority opinion sanctions the further detention of the plaintiff while the store was searched. I cannot agree that this extended detention of plaintiff was within the ambit of either the common law or statutory merchant's privilege.
The trial court approved the actions of the defendants based upon the common law privilege; yet detention of the plaintiff while the store was searched clearly exceeds the protection of that privilege. The privilege is limited to detention of a customer by the merchant when the merchant believes and has reasonable grounds to believe that a customer has wrongfully taken merchandise from the business premises or has failed to make arrangements to pay for merchandise he has received. See Colorado Jury Instructions 21:8 (and authorities therein cited). Here defendants established prior to the search of the store that plaintiff had not wrongfully taken merchandise from the business premises or failed to make arrangements for payment of merchanidse he had received.
Hence, the judgment of the trial court is valid only if the actions of defendants were protected by the statutes on which the majority opinion relies, namely, 1967 Perm.Supp., C.R.S.1963, 40-5-30 (the concealment statute) and 40-5-31 (the merchant's privilege statute). I disagree with the interpretation of those statutes by the majority.
Under the theft statute, a necessary element of the crime of shoplifting is an intent *265 permanently to deprive the store owner of merchandise. See 1967 Perm.Supp. C.R.S.1963, 40-5-2; compare 1971 Perm.Supp., C.R.S.1963, 40-4-401. In my view, the concealment statute and the merchant's privilege statute must be construed with that basic premise in mind.
In contrast to the concealment statute, the merchant's privilege statute contains no specific reference to concealment of merchanidse on the store premises as distinguished from the person of the customer. However, the majority interpret these statutes to mean that because a prima facie case of shoplifting is established under the concealment statute by showing that a customer concealed an item of merchandise some place in the store, a merchant may question a customer relative thereto under the merchant's privilege statute even after the customer leaves store without physical possession of the item. In my view, the fallacy of that reasoning is that the concealment statute specifically establishes (prima facie) only one element of the crime of shoplifting, namely, intent. As stated above, the other significant element, of course, under the theft statute, is a carrying away or other activity which deprives the merchant of his possession of the goods. Hence, the merchant must reasonably believe all elements of the crime of theft are present in order to be accorded the statutory privilege.
This analysis is in accord with the 1971 amendment to the merchant's privilege statute. That statute, 1971 Perm.Supp., C.R.S.1963, 40-4-407, states:
"If any person conceals upon his person or otherwise carries away any unpurchased goods . . . ."[1] (Emphasis added).
Although the 1971 amendment was not in effect at the time plaintiff's claim accrued, this amendment operates to clarify the merchant's privilege, and thus the 1967 version should be interpreted consistent with the 1971 amendment. See General Petroleum Corp. v. Smith, 62 Ariz. 239, 157 P.2d 356.
Accordingly, once it was established that plaintiff had not taken from the store any unpaid for merchandise, there existed no reasonable grounds to believe that all elements of the crime of theft were present, and any further detention was beyond the statutory privilege. To rule otherwise would allow a customer to be indefinitely detained while a merchant leisurely inventories his massive supermarket.
I likewise disagree with the majority's ruling that failure to grant a continuance was not an abuse of discretion.
Plaintiff had previously consented to a continuance requested by defendants. While no affidavits or testimony were presented by counsel for plaintiff in support of his motion for continuance, the majority points out that the trial court treated the information in the motion as being correct. In my view, this court should likewise consider the allegations as being confirmed.
Plaintiff's request for continuance was based upon his incarceration in Mexico as a result of a fine in the amount of $150 which plaintiff was unable to pay. It was estimated that plaintiff would be in jail for two months.
Counsel for plaintiff asserted in the motion that the issue of whether employees of Easterday Drug had reasonable grounds to detain defendant rested to a great degree upon the credibility of the testimony of the parties, and thus it was necessary for plaintiff to appear personally and testify. Although a pre-trial discovery deposition had been taken of plaintiff by opposing counsel, plaintiff's counsel asserted that the testimony therein was not sufficient adequately to present his case. It also appears from the motion that defendant's witnesses were residents of the county where the trial was held, and it is not asserted by defendants *266 that they would have been prejudiced in any way by a reasonable continuance or that the allegations in the motion were untrue.
Important conflicts appear between plaintiff's deposition and the trial testimony of defendants relative to the issue of probable cause to detain plaintiff and question him. For example, plaintiff denied that he was ever in the area of the store where defendant Harris testified that he saw plaintiff allegedly place an item in his coat pocket. Other conflicts might well have appeared if plaintiff would have been present to testify.
As admitted by the majority, the credibility of the witnesses was a crucial element in the determination of the issues presented. Yet, because of his inability to pay a fine in a foreign country, plaintiff was deprived of an opportunity to establish his credibility by his demeanor and appearance as a witness.
We guarantee the right of a defendant to be present in the trial of a criminal case. Colo.Const. Art. II, Sec. 16. Our Supreme Court has consistently ruled in civil cases that:
"A litigant has the right to be present to assist his counsel in the trial, and his necessary absence is a good reason for a continuance." Gallavan v. Hoffner, 154 Colo. 353, 390 P.2d 817 (and authorities therein cited).
If a party has the right to be present in court and testify in a criminal case when his liberty is at stake, this right should extend to assertion of civil claims for wrongful deprivation of his liberty and a reasonable continuance should be granted when his absence is due to lack of financial ability to pay a fine and there is no showing of any prejudice to the defendant. See National Insurance Co. v. Broome, 401 S.W.2d 862 (Tex.Civ.App.). Hence, in my view, failure to grant a continuance in this case was an abuse of discretion.
For the foregoing reasons, I would reverse the judgment of the trial court and remand the case for a new trial on all issues.
NOTES
[1] This statute was repealed and reenacted effective July 1, 1972, as 1971 Perm.Supp., C.R.S.1963, 40-4-407.
[2] This statute was repealed and reenacted effective July 1, 1972, as 1971 Perm.Supp., C.R.S.1963, 40-4-406.
[1] The Revisor's note to 1971 Perm.Supp., C.R.S.1963, 40-4-407, indicates that Section 21 was adopted without change. However, a comparison of the two statutes reflects that the words "carries away" were added in 1971.