## No. C-1777

## First National Bank of Canon City v. Rial Campbell

(599 P.2d 915)

Decided September 17, 1979.

Horn, Anderson & Johnson, R. E. Anderson, for petitioner.

Harry V. Kengle, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

This is a case in which the trial court, after a verdict was returned, *sua sponte,* granted a new trial on the ground that a necessary jury instruction had been omitted notwithstanding counsel's failure to object to the instructions given. The court of appeals held that the trial court erred in basing its order for a new trial on the inadequacies of the instructions. *See First National Bank of Canon City v. Campbell,* 41 Colo. App. 406, 589 P.2d 501 (1979). We granted certiorari and reverse the judgment of the court of appeals.

Plaintiff-Petitioner (Bank) commenced this action against defendant-respondent on two promissory notes. Defendant answered and counterclaimed. The jury rendered a verdict for defendant on the counterclaim and against the bank on its claim. The trial court never entered judgment on the verdict. The bank filed a motion for a new trial and both parties submitted briefs as requested by the trial court. Thereafter the trial court granted a new trial on the ground that the instructions given were erroneous and incomplete. The bank's then counsel did not raise any objections at trial to the instructions, did not tender any alternative instructions, and also did not raise any issue about instructions in the motion for a new trial.

Upon retrial the trial court, after defendant chose not to present any evidence, found for the bank. The court of appeals, applying C.R.C.P. 51, held that since the bank's counsel failed to object to the jury instructions, the trial court erred in addressing the matter. The court of appeals also ruled that the trial court's action was not sustainable under C.R.C.P. 59(d).

The issue thus raised is whether a trial court may grant a new trial on its own initiative on the basis of errors or omissions in jury instructions to which no contemporaneous objection was made as required by Rule 51.

■ Rule 51 provides "[a]ll instructions shall be submitted to the parties, who shall make all objections thereto before they are given to the jury. Only the grounds so specified shall be considered on motion for a new trial or on appeal or on certiorari . . . ." The purpose of this rule was set forth in *Ross v. Colorado National Bank of Denver,* 170 Colo. 436, 443, 463 P.2d 882, 885 (1970), *citing Scheer v. Cromwell,* 158 Colo. 427, 429, 407 P.2d 344, 345 (1965): "The 'contemporaneous objection' rule has a salutary. purpose in the orderly administration of justice. Its principle is to enable trial judges to clarify or correct misleading or erroneous instructions before they are given to a jury, and thereby prevent costly retrials necessitated by obvious and prejudicial error."

■ The fundamental basis of Rule 51 is to serve as a restriction on *parties* to an action both by requiring assistance in the orderly administration of justice and by preventing a miscarriage of justice. It is not a bar to the court where the trial judge is attempting to secure substantial justice.

■ Rule 59(d) provides that "the court on its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order specify the grounds therefore." On its face Rule 59(d) would appear to be qualified by Rule 51. However, Rule 51 only restricts *parties* in seeking a new trial. It does not apply to the trial court when it *sua sponte* grants a new trial. The purposes of the contemporaneous objection requirement of Rule 51 are not violated when the trial court acts on its own initiative.

■ The grounds for which a new trial may be ordered are set forth in Rule 59(a). Such grounds are the basis for a new trial both upon motion of the parties or by the trial court upon its own initiative. It may grant a new trial on the basis of any of these grounds without the qualification otherwise imposed by Rule 51. Of relevance here is C.R.C.P. 59(a)(1) which provides that a new trial may be granted on the basis of "[a]ny irregularity in the proceedings by which a party was prevented from having a fair trial." In this case the trial judge determined that a new trial was required to insure that justice was served. Whether or not a new trial is granted is usually a matter for the sound discretion of the trial judge whose presence and observation at the trial better equip him for making this decision. *Brncic v. Metz,* 28 Colo. App. 204, 471 P.2d 618 (1970).

■ We hold that Rule 51 is a restriction upon parties, not upon the court. A trial court may *sua sponte,* in the exercise of its sound discretion and in order to accomplish substantial justice, order a new trial on the basis of erroneous or improper jury instructions. This rule is subject only

to the limitations of Rule 59(a) and is not restricted by a party's failure to comply with the contemporaneous objection requirement of Rule 51.

The judgment of the court of appeals is reversed.