Mary T. BAUM and James J. Baum,
Plaintiffs-Appellees,

v.

S. S. KRESGE COMPANY, d/b/a K-Mart Discount Store No. 4453, Ted Quintana, Bobby Franklin, and Shirley Dobson, Defendants-Appellants.

No. 79CA0585.

Colorado Court of Appeals,
Div. III.

Jan. 7, 1982.

Rehearing Denied Feb. 11, 1982.

Certiorari Denied June 7, 1982.

Preston, Altman, Parlapiano, Keilbach & Lytle, John J. Keilbach, Pueblo, for plaintiffs-appellees.

Rector, Retherford, Mullen & Johnson, Anthony A. Johnson, Colorado Springs, for defendants-appellants.

PIERCE, Judge.

Plaintiffs, Mary and James Baum, brought this action for slander, false arrest, and malicious prosecution. The jury in the first trial found all issues in favor of defendants. Plaintiffs, however, were granted a new trial based upon errors in certain jury instructions. A second trial was held and a verdict rendered in favor of the Baums against all defendants for false arrest and malicious prosecution. Defendants contend that the trial court erred in granting plaintiffs' motion for new trial. We agree and therefore reverse and remand.

■ This court is not restricted to reviewing the propriety of the denial of the defendants' motion for new trial after the second trial. C.R.C.P. 59(g) states:

"The granting of a motion for a new trial shall not be an appealable order, but a party by participating in the new trial shall not be deemed to have waived any objections to the granting of the motion, and *the validity of the order granting the motion may be raised by appeal after final judgment has been entered in the case.*"

Thus, since final judgment has been entered and the notice of appeal designated the granting of a new trial in favor of plaintiffs as error, that issue is properly before this court. *See Rice v. Groat*, 167 Colo. 554, 449 P.2d 355 (1969); *Board of County Commissioners v. Evergreen, Inc.*, 35 Colo.App. 171, 532 P.2d 777 (1974).

The defendants first argue that jury Instructions 18, 19, 25 and 26, found to be erroneous by the trial court, should not have been the basis for granting a new trial. We agree with this argument.

■ A party must make a contemporaneous objection to an instruction, and that objection must be specific to be granted a new trial on an erroneous instruction. "Only the grounds so specified shall be considered on motion for new trial or on appeal . . . ." C.R.C.P. 51. Thus, although the trial court has great discretion in granting a motion for new trial, that order is reversible where, as here, the objections to the jury instructions were not contemporaneously made, or not specifically made on the

same grounds as stated in the motion for new trial. *See DeMott v. Smith*, 29 Colo. App. 531, 486 P.2d 451 (1971).

■ The purpose behind the contemporaneous objection requirement of C.R.C.P. 51 is to allow the court to correct or clarify erroneous instructions before they are given to the jury. *See First National Bank v. Campbell*, 198 Colo. 344, 599 P.2d 915 (1979). The untoward result of not following this rule is illustrated here where the late specification of the objections, and the court's consideration thereof, resulted in a costly retrial.

■ We are aware that there is an exception to this rule which was set forth in *First National Bank v. Campbell, supra.* However, that exception is not applicable here since the trial court did not act *sua sponte* within 15 days under C.R.C.P. 59(d). The trial court's order was solely based on the various contentions made in plaintiffs' motion for a new trial and was not rendered within 15 days after judgment. *See First National Bank v. Campbell, supra; Callaham v. Slavsky*, 153 Colo. 291, 385 P.2d 674 (1963).

■ The trial court in granting the motion also considered the denial of plaintiffs' tendered Instruction 53(a) dealing with probable cause in the context of defendants' alleged malicious prosecution. Plaintiffs contemporaneously objected to the denial of that instruction because it "fully explained probable cause as it applied here." Instruction 28, however, generally defined probable cause. Instruction 32, advising the jury of the elements of malicious prosecution, stated that "defendants' complaint against plaintiff was without probable cause, as defined in these instructions." Moreover, Instruction 33 involved the individual defendants' probable cause as established by the facts. Therefore, the instructions, when viewed as a whole, encompassed plaintiffs' tendered instruction and a denial of that instruction was not sufficient to require a new trial. *See Mohler v. Park County School District RE–2*, 32 Colo.App. 388, 515 P.2d 112 (1973).

■ Instruction 27 was objected to for not being tied to Mrs. Baum's physical ac-

tion in the case, when it referred only to "unpurchased goods, wares, or merchandise," to include "goods on which the price has been wrongfully lowered." Yet, Instruction 27 was an explanatory instruction to Instruction 26 which instructed the jury on the elements of the shopkeeper privilege, and specifically referred to "unpurchased goods, wares, or merchandise." When Instruction 27 is read with Instruction 26, any error was, at most, harmless. *See Block v. Balajty*, 31 Colo.App. 237, 502 P.2d 1117 (1972).

■ Finally, the other ground relied upon by the trial court was based on giving incorrect instructions on slander. Again, under the facts in this case, this was harmless error. C.R.C.P. 61.

By virtue of this disposition of the case, it is not necessary to consider defendants' other contentions of error.

The judgment entered after the second trial is reversed, and the cause is remanded to the trial court with directions to reinstate the judgment entered after the first trial.

SMITH and BERMAN, JJ., concur.