**Robin L. RUST, Plaintiff,**

v.

**THE BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant.**

**No. Civ.A. 01–F–2504(PAC).**

United States District Court, D. Colorado.

Dec. 2, 2003.

Cortney Scott LeNeave, Cortney LeNeave, Atty at Law, Minneapolis, MN, Douglas J. Traeger, Olsen & Traeger, LLP, Denver, CO, for Plaintiff.

Frederick Thomas Martinez, Hall & Evans, Denver, CO, for Defendant.

## ORDER DENYING PLAINTIFF'S MOTION *IN LIMINE* (APPORTIONMENT)

FIGA, District Judge.

Presently before the Court is Plaintiff Robin L. Rust's Motion *in Limine* (Apportionment) (Dkt.# 49–1). The plaintiff seeks to exclude from trial any and all evidence that the plaintiff's injuries were caused by a pre-existing degenerative medical condition, contending that the introduction of such evidence is improper under a recent United States Supreme Court decision rejecting apportionment in cases predicated upon the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51–60. The defendant, The Burlington Northern and Santa Fe Railway Company, states that the introduction of evidence of a preexisting medical condition is permitted under established case law, and would aid in the proper apportionment of damages.

The plaintiff relies solely on the recently-decided United States Supreme Court case *Norfolk & Western Rwy. Co. v. Ayers*, 538 U.S. 135, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003) to bolster his assertion that this Court should exclude any and all evidence of a preexisting medical condition. In *Ayers*, six former employees of Norfolk & Western Railway brought suit under the FELA against the railroad for work-related exposure to asbestos. At trial, the Court refused to require the jury to apportion damages between Norfolk and other alleged contributors to the workers' disease, instructing the jurors not to reduce

recoveries because of any non-railroad exposures to asbestos, as long as the exposures at Norfolk contributed in any way to the plaintiffs' injuries. The defendant appealed.

The Supreme Court ruled that under the FELA, negligent railroads are not entitled to reduce the amount they owe to employees if *some other person or company* also played a part in causing an accident 123 S.Ct. at 1225. However, a negligent railroad is entitled to a reduction of the amount the jury may decide the railroad owes its injured employee when the *employee* is partially at fault in causing the accident. *Id.* The Court did not address whether a railroad may introduce evidence of an employee's preexisting medical condition in determining the extent of the employee's fault.

Therefore, while instructive is some respects, *Ayers* is by no means dispositive as to admissibility of evidence of an employee's preexisting medical condition for damages purposes. This Court must thus turn to the prevailing law of this Circuit, which is set forth in *Sauer v. Burlington Northern Railroad Co.*, 106 F.3d 1490 (10th Cir. 1996). In *Sauer*, the Court permitted the introduction of evidence of a railroad employee's preexisting medical condition, and presented the jury with the task of determining to what extent, if any at all, the preexisting condition should affect a finding of liability or computation of damages. *See* 106 F.3d at 1494.

Apportionment of damages is best determined by the jury, and is properly addressed by this Court through its instructions to the jury. For example, in *Stevens v. Bangor and Aroostook Railroad Co.*, 97 F.3d 594 (1st Cir.1996), an employee brought an action against a railroad company under the FELA for back injuries allegedly sustained from an accident on the job. The trial court instructed the jury that if they could not "separate the pain or disability caused by the pre-existing condition from that caused by the [accident] then the defendant is liable for all of plaintiff's injuries." *Id.* at 601.

In affirming the lower court's decision to instruct the jury on the usefulness of the evidence of a preexisting condition, the First Circuit acknowledged that as a general matter, when a plaintiff's preexisting medical condition is aggravated by defendant's negligence, the defendant is liable only for the additional increment caused by the negligence. *Id.* at 601. However, the court concluded, "particularly in light of FELA's broad remedial purposes, . . . if the fact finder cannot separate injuries caused or exacerbated by the accident from those resulting from a pre-existing condition, the defendant is liable for all such injuries." *Id.* at 603. Allowing the defendant to escape such liability because the fact finder could not apportion damages between an injury caused by the defendant and a pre-existing condition would "defeat the remedial purpose of the statute." *Id.* at 602.

Therefore, this Court finds that evidence of the plaintiff's preexisting medical condition is admissible, and will allow its introduction at trial. The plaintiff may offer rebuttal evidence as it deems appropriate. Both parties will be permitted to submit proposed jury instructions to address the effect such evidence may have upon the jury's finding of liability and any computation of damages.