Charles A. NICHOLS, Plaintiff–Appellant and Cross–Appellee,

v.

BURLINGTON NORTHERN AND SANTA FE RAILWAY COMPANY, Defendant–Appellee and Cross–Appellant.

No. 03CA2145.

Colorado Court of Appeals, Division IV.

March 23, 2006.

As Modified on Denial of Rehearing May 25, 2006.

Certiorari Denied Dec. 18, 2006.

Roberts Levin & Patterson, P.C., Thomas L. Roberts, Laura E. Schwartz, Denver, Colorado; Law Offices of Martin E. Jackson, P.C., Martin E. Jackson, Conifer, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Hall & Evans, L.L.C., Malcolm S. Mead, Frederick T. Martinez, Denver, Colorado, for Defendant–Appellee and Cross–Appellant.

CARPARELLI, J.

In this negligence action under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. (2005) (FELA), plaintiff, Charles A. Nichols, a locomotive engineer, appeals the amount of the damages awarded to him upon a jury verdict against defendant, Burlington Northern and Santa Fe Railway Company. On cross-appeal, the railroad appeals the judgment entered in favor of Nichols. We affirm.

The engineer's back and knee were injured when he lost his grip on a locomotive handrail and fell. The injuries aggravated pre-existing degenerative conditions and left him permanently disabled and unable to return to work.

The engineer sued pursuant to FELA, alleging the railroad's negligence caused (1) cumulative traumatic injury resulting in severe neck strain and injury and (2) injuries to his lower back and right knee that aggravated existing conditions.

The trial court granted the railroad's motion for summary judgment pursuant to C.R.C.P. 56, but a division of this court reversed and remanded the case for a trial on the merits. *Nichols v. Burlington N. & Santa Fe Ry.*, 56 P.3d 106 (Colo.App.2002).

The parties settled the engineer's cumulative trauma claim before trial; they went to trial on the engineer's allegations that the railroad negligently failed to place reasonable work restrictions on him and failed to transfer him to a less strenuous position, and that both actions further aggravated his pre-existing conditions. The engineer claimed the railroad knew about the weakened strength in his right hand and negligently allowed him to continue working without restrictions, and that this negligence caused the fall. In response, the railroad asserted the engineer's contributory negligence and pre-existing conditions as affirmative defenses.

Following a four-day trial, the jury returned a verdict for the engineer. It valued the engineer's loss at $800,000, but determined his contributory negligence was 30%. Based on this finding, the court reduced the damages to $560,000. The jury also determined that 70% of his post-accident condition was attributable to a pre-existing condition. Based on this finding, the court further reduced the damages to $168,000. The court also reduced the damages by $3049.14 based on the railroad's uncontested amended motion for credits.

Thus, the trial court entered a judgment in favor of the engineer in the amount of $164,950.86.

## I. Certificate of Review and Expert Testimony

■ We first consider and reject the railroad's contention that the engineer's claim alleged negligence of medical professionals and that the judgment must be reversed because the engineer neither filed a certificate of review pursuant to § 13–20–602, C.R.S.2005, nor presented expert testimony regarding the applicable standard of care.

### A. Law

In every action for damages based on the alleged professional negligence of a licensed professional, the plaintiff's attorney must file a certificate of review within sixty days of serving the complaint. Section 13–20–602.

Under FELA, railroads have a duty to assign employees work for which they are reasonably suited. An employee may sue a railroad for damages caused by the railroad's negligent assignment of work beyond the employee's capacity. 45 U.S.C. § 51.

■ A railroad may also be liable for injuries to an employee if its doctors negligently perform physical examinations and negligently certify the employee to return to work without restrictions. Despite the railroad's reliance on the doctors, however, the employee is not required to demonstrate malpractice by the railroad's doctors. Instead, "it is sufficient to show that the railroad knew or should have known that the employee was unfit for the work because of his condition." *Fletcher v. Union Pac. R.R.*, 621 F.2d 902, 909 (8th Cir.1980); *see also Dunn v. Conemaugh & Black Lick R.R.*, 267 F.2d 571 (3d Cir.1959) (concluding the railroad was liable for negligence pursuant to FELA when its doctor prematurely certified the plaintiff's return to heavy labor). Thus, the primary

focus of a claim under FELA is not the medical standard of care or the doctor's adherence to it, but rather, the railroad's knowledge that the employee could not return to work because of his medical condition.

Here, the railroad filed a pretrial motion to dismiss the case based on the engineer's failure to file a certificate of review. The trial court denied the motion, finding the remaining issues for trial were based on the railroad's negligence, not medical malpractice.

### B. Conclusion

The engineer sued the railroad for negligence based on its failure to provide him with a reasonably safe work environment; he did not sue the railroad's doctors for medical malpractice. Several of the railroad's doctors examined the engineer and expressed conflicting opinions about whether to return him to work without restrictions. The final decision was made by the railroad's chief medical officer.

Because the engineer did not sue the doctors for medical malpractice, he was not required to file a certificate of review or to present evidence regarding a medical standard of care.

### II. Damages

The engineer contends that, under FELA, a trial court may not reduce an award of damages other than as required by the statute for contributory negligence. We disagree.

The engineer has constructed his argument to traverse a narrow path. He concedes that the court correctly instructed the jury regarding the manner in which it could consider pre-existing conditions when determining damages and that it must be presumed that the jury followed that instruction when it arrived at the damages award entered on the special verdict form. However, he asserts that the import of the jury's answers to special verdict form questions addressing pre-existing conditions is unclear and that the trial court erred when, relying

on those answers, it reduced the jury's damages. We are not persuaded.

### A. Preservation of the Issue

■ A party is required to make specific, contemporaneous objections to special verdict forms before the trial court gives the forms to the jury. *Williams v. Chrysler Ins. Co.*, 928 P.2d 1375 (Colo.App.1996). Such objections allow the trial court to correct errors or clarify ambiguities before the forms are given to the jury. *See Bear Valley Church of Christ v. DeBose*, 928 P.2d 1315 (Colo.1996); *Baum v. S.S. Kresge Co.*, 646 P.2d 400 (Colo.App.1982). We may consider errors in verdict forms only to the extent that the grounds on appeal were specified by objection before the trial court instructed the jury. C.R.C.P. 51; *Bear Valley Church of Christ v. DeBose, supra.*

■ Here, before the jury was instructed, the engineer objected to Special Verdict Form B, asserting that the issue of pre-existing conditions is one that the parties may argue to the jury, and that the jury considers pre-existing conditions when it makes its award of damages. He emphasized that although FELA permits the court to reduce a jury's award based on contributory negligence, it does not permit the court to reduce an award based on pre-existing conditions.

Although the engineer's objection referenced *Sauer v. Burlington Northern R.R.*, 106 F.3d 1490 (10th Cir.1996), on appeal he asserts that *Norfolk & Western Ry. v. Ayers*, 538 U.S. 135, 123 S.Ct. 1210, 155 L.Ed.2d 261 (2003), applies.

We conclude that the engineer's objection was specific on the question of the propriety of the court's reduction of the damages award based on the jury's responses to the verdict form questions concerning pre-existing conditions. Accordingly, the engineer preserved the issue of the propriety of the trial court's reduction of damages based on the jury's findings regarding pre-existing conditions.

■ However, to the extent the engineer now argues that the special verdict form was unclear because the questions regarding pre-

existing conditions appeared in the wrong order on the form, the engineer stated no such objection at trial and, therefore, failed to preserve that issue.

### B. Law

■ We first reject the engineer's argument that, under *Norfolk & Western Ry. v. Ayers, supra*, a trial court may only apportion damages in FELA cases based on comparative fault.

In *Ayers*, the United States Supreme Court concluded that the railroad must "bear the burden of identifying other responsible parties and demonstrating that some of the costs of the injury should be spread to them." *Norfolk & W. Ry. v. Ayers, supra*, 538 U.S. at 165, 123 S.Ct. at 1228. The Court did not state that railroads may be held liable for losses caused by an employee's pre-existing injuries and not aggravated by the railroad's negligence. *See Rust v. Burlington N. & Santa Fe Ry.*, 308 F.Supp.2d 1230 (D.Colo. 2003). To the contrary, the award of damages against a railroad may exclude the proportion of losses that the employee's pre-existing condition would inevitably cause, regardless of the railroad's negligence. *Sauer v. Burlington N. R.R., supra; Stevens v. Bangor & Aroostook R.R.*, 97 F.3d 594 (1st Cir.1996); *Lancaster v. Norfolk & W. Ry.*, 773 F.2d 807 (7th Cir.1985); *Maurer v. United States*, 668 F.2d 98 (2d Cir.1981); *see* 3A Fed. Jury Prac. & Instr. § 155.65 (5th ed.2001); CJI–Civ. 4th 6:8 (2004). Moreover, *Ayers* is not dispositive of whether a trial court may calculate the appropriate exclusion and reduce damages based on a jury's determination regarding the extent to which an employee's losses were caused by the negligence of the railroad and the extent to which they were caused by a pre-existing condition.

### C. Instruction and Verdict Form

■ Here, consistent with the foregoing, the trial court instructed the jury that, if it found that (1) before the engineer fell from the locomotive, the engineer had a pre-existing condition in his right knee and lower back, and (2) the railroad's negligence regarding the fall from the locomotive made the engineer's condition worse, it was required to determine, if possible, the amount of damages, if any, caused only by the railroad's negligence. The court further instructed that, if the jury was not able to separate the damages in this way, the railroad was legally responsible for the entire amount of damages.

In pertinent part, Special Verdict Form B included the following questions and jury responses:

1: Was the [d]efendant negligent on November 7, 1999?

ANSWER: yes

2: [D]id [sic] the [d]efendant's negligence, if any, a cause of any of the injuries, damages or losses claimed by the [p]laintiff on November 7, 1999?

ANSWER: yes

3: [W]as the [p]laintiff negligent on November 7, 1999?

ANSWER: yes

4: [D]id the [p]laintiff's negligence cause any of his own claimed injuries on November 7, 1999?

ANSWER: yes

5: [W]hat percentage of the negligence was the [d]efendant's and what percentage was the [p]laintiff's?

ANSWER:

Percentage to Defendant, 70%

Percentage to Plaintiff, 30%

6: What amount do you find, without any reduction for any negligence which you may find on the [p]laintiff's part, will fairly and adequately compensate the [p]laintiff for the injury?

ANSWER: $800,000

7: [I]s all or part of [p]laintiff's condition attributable to a pre-existing condition?

ANSWER: yes

8: [W]hat percentage of [p]laintiff's condition is attributable to a pre-existing condition?

ANSWER: 70%

After the jury returned its verdict and findings, the trial court reduced the compensation amount by thirty percent based on the engineer's contributory negligence, and by

seventy percent based on the pre-existing condition.

The engineer contends that the amount the jury inserted in response to question six indicated either (1) that the jury had already determined the amount of damages caused only by the aggravation of his pre-existing condition and concluded that the amount which would fairly compensate him for injuries he sustained solely as a result of the accident was $800,000; or (2) that the jury was not able to separate the pre-existing condition from the aggravation of those conditions and that $800,000 represents the indivisible amount of the total damages for which the railroad was liable.

### D. Conclusions

Although the combination of the instruction and the special verdict form are not models for future use, the instructions, when taken as a whole, properly informed the jury regarding the applicable law. Thus, the trial court did not err when it reduced the damages in accordance with the jury's responses to questions seven and eight.

■ The amount of damages to which a plaintiff is entitled is a matter within the sole province of the jury. *Roberts v. C & M Ready Mix Concrete Co.*, 767 P.2d 769 (Colo. App.1988). When possible, trial courts must give effect to a jury's verdict.

■ On appeal, we must attempt to reconcile a jury's answers to special verdict questions if we can do so based on the evidence and the instructions given. *Kepley v. Kim*, 843 P.2d 133 (Colo.App.1992); *Lonardo v. Litvak Meat Co.*, 676 P.2d 1229 (Colo.App. 1983).

The first three questions on the special verdict form addressed the railroad's liability to the engineer. The fourth and fifth questions addressed the engineer's contributory negligence. The sixth question asked the jury to determine the amount that would compensate the engineer for the injury he incurred when he fell from the locomotive. That question explicitly advised the jury not to consider any reduction based on the engineer's contributory negligence. It was silent as to damages for aggravation of pre-existing conditions.

The engineer's evidence showed that his losses were between $600,000 and $800,000, and he argued that the jury should award him between $750,000 and $950,000. Both parties' closing arguments focused on the issue of negligence. Neither argument addressed the effect of pre-existing conditions on the engineer's damages. None of the first six questions on the verdict form addressed pre-existing conditions. We conclude that the jury's finding that $800,000 would fairly compensate the engineer for his injuries did not include any offset for the engineer's negligence or for pre-existing conditions.

We reject the engineer's argument that the jury may have arrived at the $800,000 figure after determining the extent to which his losses were caused only by the aggravation of his pre-existing condition.

The special verdict form directed the jury to address fair compensation before it directed the jury to address the engineer's pre-existing condition. Moreover, to arrive at the $800,000 figure *after* reducing the engineer's losses by the seventy percent attributable to pre-existing conditions, as reflected in the response to question eight, the jury first would have had to conclude that the engineer's total, unreduced damages were more than $2.5 million. There was no evidence upon which the jury could have concluded that the engineer's damages exceeded $1 million.

Therefore, we conclude that the jury did not adjust the compensation amount reflected in the response to question six based on its determination of the relative effect of pre-existing conditions and the railroad's negligence. Consequently, we also conclude that the trial court did not err when it reduced the compensation the jury stated in response to question six based on the jury's response to questions seven and eight of Special Verdict Form B.

### III. Attorney Fees

Pursuant to C.A.R. 38(d), the engineer requests reasonable attorney fees and expenses incurred in defending against the railroad's

argument on cross-appeal. Although we reject the railroad's arguments on cross-appeal, we cannot conclude those arguments are frivolous within the meaning of C.A.R. 38(d). Thus, the engineer's request for attorney fees and expenses is denied.

Judgment affirmed.

Judge ROY and Judge RUSSEL concur.