No. 17,387.

HENRY J. BURENHEIDE AND ELIZABETH BURENHEIDE *v.*
L. F. WALL.
(281 P. [2d] 1000)

Decided April 4, 1955.   Rehearing denied April 20, 1955.

Messrs. SANDHOUSE & SANDHOUSE, for plaintiffs in error.

Messrs. KREAGER & SUBLETT, for defendant in error.

*En Banc.*

MR. JUSTICE LINDSLEY delivered the opinion of the Court.

THE parties appear in this Court in the same relative positions as in the trial court and we will herein refer to them as they there appeared.

Plaintiffs brought suit on an instrument which reads as follows:

"On approval of title on or before 7 days sight.

First National
Name of Forwarding Bank.
Fleming,    Colorado    6/2, 1952
City         State         Date

PAY TO THE ORDER OF Henry J. Burenheide and Elizabeth Burenheide $2000.00 Two Thousand and no/100 _____DOLLARS. The undersigned payee agrees that the drawer (L. F. Wall) shall have the time specified in this draft to approve title and oil and gas lease referred to in this draft and that the payee nor any forwarding bank shall have the right to demand the return of this draft or said lease prior to the expiration of said time and the drawer herein shall have the right to take lease from the bank on a trust agreement for his attorney's inspection. This draft is for payment in full for oil and gas lease, or mineral deed covering the following described land.

½ Mineral interest SE ¼ Sec. 15 Twp. 7 N.R., 49 W. Logan Co., Colorado.

TO L. F. WALL
    Box 224

Through COMMERCIAL SAVINGS BANK
          Sterling, Colorado.

(signed) L. F. WALL."

Defendant asserted as an affirmative defense that the instrument was delivered for the purchase of a mineral deed, in which instrument plaintiff, at the time of the transaction, had insisted upon certain reservations being inserted, and that there was an oral agreement made at that time that defendant's principal would have to approve the mineral deed before the note would be enforcible according to its terms.

Defendant's counsel objected to testimony as to this affirmative defense, urging that the same was in violation of the parol-evidence rule varying the terms of a written instrument. The court allowed the testimony to be introduced, and under the authority of *McCaffrey v. Mitchell,* 98 Colo. 467, 56 P. (2d) 926, properly did so as the parol evidence in question did not tend to vary the terms of the written instrument, but went to the very question of whether or not by agreement of the parties the instrument itself should be enforcible. In admitting the evidence the court did not err. See *Bourke v. VanKeuren,* 20 Colo. 95, 36 Pac. 882; *McCaffrey v. Mitchell, supra; Hurlburt v. Dusenbery,* 26 Colo. 240, 57 Pac. 860; and *McGuire v. Luckenbach,* 131 Colo. 333, 281 P. (2d) 1000.

In the instant case it is to be noted that the controversy is between the payee and payor, and, as we said in *McCaffrey v. Mitchell, supra,* at page 473, "It is true that ordinarily a note is prima facie evidence of an obligation, enforceable as to its legal import, but when in the hands of the original payee, the way is always open to the maker to prove circumstances showing that the note never was made or delivered with the intention that it should be binding at all events according to its terms, and he may not be foreclosed from showing that the note in effect is no contract at all."

Motions for directed verdict were interposed by defendant at the close of plaintiffs' case and at the close of the entire evidence, which motions were denied. The jury returned a verdict for plaintiffs. Later the court granted a motion non obstante veredicto and entered judgment for defendant.

This raises the question whether or not, under Rule 50 (b) of the Colorado Rules of Civil Procedure, the court was correct in granting the motion setting aside the verdict of the jury and entering judgment for defendant. Rule 50 (b) of the Colorado Rules of Civil Procedure reads as follows:

"(b) Reservation of Decision on Motion. Whenever a motion for a directed verdict made at the close of all evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 10 days after the reception of a verdict, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict; or if a verdict was not returned such party, within 10 days after the jury has been discharged, may move for judgment in accordance with his motion for a directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed. If no verdict was returned the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial."

The wording of the motion for judgment non obstante veredicto is as follows:

"There was no sufficient evidence presented at the trial of the case on behalf of the plaintiffs to sustain a verdict in favor of the plaintiff."

Counsel for plaintiffs urge that the court erred in granting this motion; that it is not within the court's duty or power to set aside a verdict if it is based upon conflicting evidence, a disagreement as to the weight of the evidence, or the preponderance or sufficiency thereof.

A perusal of the record discloses that defendant testified that there was an oral agreement requiring the approval and acceptance by defendant's principal of the mineral deed; that it was denied by plaintiff Henry J. Burenheide on his examination in chief, but upon cross

examination the plaintiff Henry J. Burenheide was impeached by his deposition wherein he had admitted the oral agreement, and again on cross examination he freely testified that there was such an agreement. Upon rebuttal said plaintiff again denied the existence of the same.

It is interesting to note that plaintiff Henry J. Burenheide's direct testimony in other matters contained in the record was successfully impeached by defendant on cross examination and by said plaintiff's deposition, which was admitted in evidence.

The record also discloses that defendant sought a judgment non obstante veredicto and in the prayer of the motion for such judgment included a request for new trial. Had the court merely set aside the verdict and granted a new trial and not entered judgment for the defendant, no error would obtain upon the facts disclosed in the record.

Rule 50 (b) of the Federal Rules of Civil Procedure is the same as Rule 50 (b) of the Colorado Rules of Civil Procedure, and in *Montgomery Ward & Co. v. Duncan,* U.S. Sup. Ct. Reports, 85 L. Ed. 147, in Syl. 3, it is said:

"The effect of Rule 50 (b) of the Federal Rules of Civil Procedure which provides that whenever a motion for a directed verdict made at the close of the evidence is not granted the court is deemed to have submitted the action to the jury subject to a later determination of the legal question raised by the motion, and that within a certain time after verdict, or, if no verdict was returned, within a certain time after the discharge of the jury, the party who has moved for a directed verdict may move for judgment notwithstanding the verdict, is merely to render unnecessary a request for a formal reservation of the question of law raised by the motion for a directed verdict and, in addition, to regulate the time and manner of moving for direction and of moving for judgment on the basis of the refusal to direct, but adds

nothing of substance to rights of litigants theretofore available through a more cumbersome procedure."

Thus it becomes apparent that the action of the trial court in the instant case in ruling on the motion for judgment non obstante veredicto raised the same matters as the court would consider upon a motion for directed verdict.

In the instant case the credibility of the plaintiff Henry J. Burenheide, plaintiffs' only witness testifying as to whether or not there was such an oral agreement; the fact that he had been impeached; the conflict in his testimony; all are questions of fact and not questions of law. If a trial court, in reviewing and examining the facts, is dissatisfied with the verdict because it is against the weight, sufficiency or preponderance of the evidence, it may, under certain limitations, set the same aside and grant a new trial so that the issues of fact may ultimately be determined. See *Gossard v. Watson,* 122 Colo. 271, 221 P. (2d) 353, in which this Court goes into great detail in distinguishing the duties of a court in granting a directed verdict or nonsuit which is a final and legal determination of the controversy, or the discretionary power of the court to grant a new trial.

In *Singer v. Chitwood,* 126 Colo. 173, 247 P. (2d) 905, the court, after a jury verdict, granted a directed verdict upon a motion praying therefor or a new trial filed under Rule 50 (b).

We said, as recorded on page 178:

"The result of setting aside a verdict, and the event of directing one, are entirely different and are not controlled by the same conditions or circumstances. The matter of a retrial of the issue rests, within limitations, in the discretion of the trial court. The matter of a directed verdict rests upon legal right."

And on page 179:

"If the judge had refused the judgment on directed verdict for defendant primarily asked, as we have held he should have done, he should then have considered the

motion for new trial. According to all the federal cases he has discretion to grant a new trial before another jury if he thinks the verdict is wrong, though there be some evidence to support it, and his action is generally not subject to review on appeal. * * * New trials are not abridged or disfavored by the new rules. The judge may even grant one on his own initiative without a motion. Rule 59 (d)."

In the instant case it is obvious the court in granting the motion non obstante veredicto passed upon the included question of the propriety of granting a new trial.

Accordingly, it is our opinion that the action of the trial court in setting aside the verdict was correct, and is affirmed. Its action in entering judgment non obstante veredicto for defendant is reversed and the cause remanded with directions to grant a new trial.