Betty R. ROBERTS, Plaintiff-Appellee,

v.

CONSOLIDATED FREIGHTWAYS CORPORATION OF DELAWARE, Defendant-Appellant.

No. 84CA1256.

Colorado Court of Appeals, Div. I.

Dec. 4, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Consolidated) April 20, 1987.

Agee & Ewing, M. Flynn Feeney, Ron E. Ewing, Colorado Springs, for plaintiff-appellee.

Rector, Retherford, Mullen & Johnson, Michael R. Waters, Neil C. Bruce, Colorado Springs, for defendant-appellant.

KELLY, Judge.

In this negligence action to recover personal injury damages, the defendant, Consolidated Freightways Corporation of Delaware, appeals the judgment of the trial court entered on a jury verdict awarding $260,000 in damages to the plaintiff, Betty R. Roberts. Consolidated contends, among other things, that the trial court erred in granting plaintiff a new trial after a prior jury had returned a verdict for the defendants. Alternatively, Consolidated argues that the damages awarded by the jury in the second trial is excessive as a matter of law. We affirm.

Roberts was injured when a tractor-trailer rig struck the car in which she was a passenger while it was parked on the grass beside Interstate 25 south of Colorado City. Roberts and her son, who was driving the car, were traveling north on I-25 during a snowstorm and had decided to pull off the highway to wait for better driving conditions. After one of the defendant's trucks had passed them, their car was sideswiped by another tractor-trailer rig which did not stop.

The impact wrecked the automobile, and Roberts sustained disabling head and neck injuries. Roberts sued Consolidated and one of its drivers for the negligent operation of one of the rigs. She alleged that the vehicle which struck their car and caused her injuries belonged to Consolidated and was part of a three-truck convoy which drove from Albuquerque, New Mexico, to Denver that day.

During the first trial, the trial court granted Consolidated's motion for a directed verdict as to the driver and he was dismissed as a defendant. The jury then returned a verdict for Consolidated, but the trial court granted Roberts' motion for a

new trial. The second trial jury returned a verdict for Roberts, awarding damages of $260,000. The trial court conditionally granted Consolidated's motion for a new trial on the issue of damages; however, it ordered that there would be a new trial only if Roberts refused to accept a remittitur of the damage award from $260,000 to $160,000. Roberts accepted the remittitur and Consolidated appealed.

## I.

Consolidated contends that the trial court abused its discretion in granting Roberts a second trial. The defendant argues that there was substantial conflicting evidence on which the jury in the first case could render a decision and that, thus, the trial court erroneously invaded the jury's province as the ultimate fact-finder. We disagree.

■ Even if the trial court cannot justifiably direct a verdict for one of the parties, the court may, nonetheless, grant a new trial if it is convinced that the jury has not fully comprehended or fairly considered the evidence before it. *Denver Tramway Co. v. Owens*, 20 Colo. 107, 36 P. 848 (1894). If the trial court, after reviewing and examining the facts, is dissatisfied with the verdict "because it is against the weight, sufficiency[,] or preponderance of the evidence, it may ... set the [verdict] aside and grant a new trial so that the issues of fact may ultimately be determined." *Burenheide v. Wall*, 131 Colo. 371, 281 P.2d 1000 (1955). The trial court has this discretion even though *some* evidence exists to support the verdict. *Burenheide v. Wall, supra.*

The record of both trials contains uncontroverted evidence that three Consolidated tractor-trailer rigs were in the immediate vicinity of Roberts' car when the collision occurred. The testifying driver stated that he did not believe any other trucks came between the three rigs while they were near the accident scene. Roberts testified that the truck which hit the car was a Consolidated vehicle. Another witness also placed two of the Consolidated rigs near the accident scene within seconds of the time the Roberts' car was struck. Witness-es testified that two of the rigs were traveling at speeds between 40 and 60 miles per hour and that the drivers did not have full control over their vehicles on the slippery highway. It was uncontroverted that the car was completely off the highway in the grass when it was hit.

■ Consolidated offered a minimum of rebuttal evidence as to the accident itself. In the first trial, the defendant driver of the second rig stated he did not know whether he or one of the other Consolidated rigs hit the Roberts' vehicle. The driver testified that he did not lose control of *his* vehicle; however, Consolidated presented no such testimony from the other two drivers. It also presented inconclusive evidence that two of the three trucks displayed no apparent collision damage. The defense also emphasized that Roberts was the only witness who claimed to have seen the vehicle which struck the car. We conclude the trial court did not abuse its discretion in ruling that there was insufficient substantial evidence to support the verdict and in granting Roberts a new trial.

## II.

Consolidated also contends that the trial court erred in denying the motion for a new trial and granting the remittitur rather than granting a new trial to defendant. The defendant asserts that evidence was lacking for the jury to determine that Roberts' injuries were permanent and totally disabling. Consolidated argues that the $260,000 damage award could only be the result of bias, prejudice, or passion. We disagree.

■ In a case where general damages are granted, a new trial is the sole remedy if bias, prejudice, or passion have affected the verdict. *Burns v. McGraw-Hill Broadcasting Co.*, 659 P.2d 1351 (Colo. 1983). Alternatively, if an award is not supported by sufficient evidence, the trial court may either grant a new trial or deny it "on the condition that the plaintiff agree to a remittitur of the amount of damages found by the court to be excessive." *Burns v. McGraw-Hill Broadcasting Co., supra.* The option is permissible only if the damages are manifestly excessive, and the trial court cannot determine that the

jury made the award based on bias, prejudice, or passion. *Burns v. McGraw-Hill Broadcasting Co., supra.*

 The record supports the trial court's decision to deny Consolidated's motion for a new trial on the issue of excessive damages. Although the trial court made no findings on bias, prejudice, or passion, in light of its finding that the amount of the damages was not supported by the evidence, the order of remittitur was proper. *See Leo Payne Pontiac, Inc. v. Ratliff,* 178 Colo. 361, 497 P.2d 997 (1972).

We have considered defendant's other issues and find them to be without merit.

The judgment is affirmed.

ENOCH, C.J., and BABCOCK, J., concur.