Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE

**2018 CO 61**

**No. 17SA248, <u>In re Rains</u> — Rule 59(d) — Proper Grounds for New Trial.**

In this case, the supreme court considers whether a trial court abused its discretion when it granted a new trial after a jury found that the defendants, two pilots, were not negligent during a near collision that resulted in one plane crashing and killing all five passengers on board.  The court concludes that the trial court's stated reasons did not meet the grounds enumerated in Rule 59(d) and that a trial court may not grant a new trial for reasons other than those enumerated in Rule 59(d).  Thus, this court holds that the trial court abused its discretion in granting a new trial.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 61

### Supreme Court Case No. 17SA248
*Original Proceeding Pursuant to C.A.R. 21*
Weld County District Court Case No. 15CV30227
Honorable Todd L. Taylor, Judge

### In Re

### Plaintiffs:

Wilson Henry Rains, natural father and heir of Tori Rains-Wedan, deceased; and Bjorn John Wedan, natural father and heir of Austin Wedan, Hunter Wedan, and Mason Wedan, deceased,

v.

### Defendants:

Douglas H. Barber, personal representative of the Estate of Oliver Ezard Frascona; the Estate of Oliver Ezard Frascona, a/k/a Oliver E. Frascona, a/k/a Oliver Frascona; the Real Estate School, a Colorado LLC; and Joseph B. Lechtanski.

### Rule Made Absolute
*en banc*
June 25, 2018

**Attorneys for Plaintiffs:**
Katzman Lampert, PLLC
Bruce A. Lampert
  *Broomfield, Colorado*

**Attorneys for Defendants Douglas H. Barber, the Estate of Oliver Ezard Frascona, and the Real Estate School:**
Godfrey Johnson, P.C.
Brett Godfrey
Karen J. Porter
  *Englewood, Colorado*

No appearance on behalf of Joseph B. Lechtanski.

**JUSTICE BOATRIGHT** delivered the Opinion of the Court.

¶1     In this original proceeding, we determine whether the trial court abused its discretion in granting the plaintiffs' motion for a new trial after a jury found that the defendants, two pilots, were not negligent during a near collision that resulted in one plane crashing and killing all five passengers on board. To resolve this issue, we address two underlying questions: first, whether the trial court's stated reasons for granting a new trial met the requirements of C.R.C.P. 59(d), and second, if not, whether a trial court may nevertheless grant a new trial for a reason other than those enumerated in Rule 59(d). We answer both questions in the negative and accordingly hold that the trial court abused its discretion in granting a new trial. We therefore make our rule to show cause absolute and remand for further proceedings.

## I. Facts and Procedural History

¶2     This case is a civil action brought against Defendants Oliver Frascona, deceased, and Joseph Lechtanski to determine their liability as the two pilots involved in a plane crash that occurred at Erie Municipal Airport. Erie Municipal Airport is uncontrolled, which means it does not have a control tower to monitor inbound and outbound air traffic and ground operations. Instead, pilots themselves must alert other nearby pilots of their departures and arrivals.

¶3     On the day of the crash, Frascona was piloting an inbound plane to Runway 33. He had four passengers on board: Tori Rains-Wedan and her three sons. At the same time that Frascona was attempting to land on Runway 33, Lechtanski was attempting to take off from Runway 15. Runway 33 and Runway 15 are two separate ends of the same strip of an asphalt runway. Consequently, Lechtanski was taking off head-on into

3

Frascona's attempted landing.  The two planes nearly collided mid-air.  To avoid the collision, Lechtanski veered right, and Frascona attempted a "go-around," which is an aborted landing maneuver where a pilot overflies the runway at a safe distance and then turns to join the traffic pattern for another attempted landing.  In attempting this maneuver, Frascona's plane stalled and crashed, killing everyone on board.  Lechtanski safely recovered after the near collision.  The plaintiffs, the heirs of Rains-Wedan and her three sons, brought an action against Frascona's estate and Lechtanski, alleging that one or both of them was responsible for the crash.[1]

¶4    At the trial, three expert witnesses testified.[2]  During cross-examination of Frascona's expert, Douglas Stimpson, the plaintiffs asked what percentage of fault he would apportion to each of the defendants.  Frascona objected, arguing that the question called for a legal conclusion, was outside the scope of Stimpson's expertise, and usurped the role of the jury.  The trial court sustained the objection, preventing Stimpson from answering.

¶5    After the close of evidence, the trial court gave the jury relevant instructions on the burden of proof; legal definitions of negligence; and, if appropriate, how to apportion fault between the two pilots.  The verdict form permitted the jury to find one, both, or neither of the defendants negligent by asking, in separate "yes or no"

---

[1] The plaintiffs also sued the Real Estate School, the owner of Frascona's plane.  We refer to Frascona's estate and the Real Estate School collectively as "Frascona."

[2] Each defendant and the plaintiffs presented an expert witness. Plaintiffs' expert, Donald Sommer, and Frascona's expert, Douglas Stimpson, were both qualified in the fields of aviation accident reconstruction and piloting.  Lechtanski's expert, Warren DeHaan, was qualified in the fields of piloting and visual factors.

questions, whether each defendant was negligent. The verdict form then asked the jury to apportion fault between the pilots and to assess damages, but only if it answered "yes" to any of the preceding questions regarding negligence. The jury ultimately returned a verdict in favor of both defendants, answering "no" as to whether Lechtanski and Frascona were negligent. As a result of these answers, the jury left the remainder of the verdict form blank in accordance with the instructions.

¶6 In response to the verdict, the plaintiffs filed a motion for a new trial under Rule 59(d), arguing that the jury's verdict was an irregularity that resulted in an unfair trial and was also a miscarriage of justice.[3] The trial court granted the motion, agreeing that the jury's verdict was a "miscarriage of justice." The trial court also stated that the jury misunderstood its role, and it pointed to the sustained objection to the question about apportionment as a possible cause of the jury's confusion.

¶7 The defendants filed a petition to this court to show cause, arguing that the motion was improperly granted because the trial court failed to state legally sufficient grounds for a new trial under Rule 59(d). We exercised our original jurisdiction under C.A.R. 21 because a motion for a new trial, if improperly granted, would result in hardship to the parties as they would be required to proceed with another trial before

---

[3] The plaintiffs filed an earlier motion for a new trial that was initially deemed denied under Rule 59(j) because the trial court failed to rule on it within sixty-three days. But when the trial court realized it had not yet entered the judgment, and thus the time bar had not begun to run, it reversed course and ordered a new trial. The defendants then filed a petition to show cause to this court, arguing that a new trial was improper because the trial court still had not entered judgment. We vacated the trial court's order granting a new trial and directed the trial court to enter judgment. After the trial court entered judgment, the plaintiffs swiftly filed another motion for a new trial, which this opinion addresses today.

the order granting that new trial could be challenged through the normal avenues of appeal.

## II.Standard of Review

¶8     We review a trial court's order for a new trial for an abuse of discretion. <u>Aspen Skiing Co. v. Peer</u>, 804 P.2d 166, 172 (Colo. 1991).  A trial court abuses its discretion when its ruling is "manifestly arbitrary, unreasonable, or unfair," or when it misapplies the law. <u>Freedom Colo. Info., Inc. v. El Paso Cty. Sheriff's Dep't</u>, 196 P.3d 892, 899 (Colo. 2008).

## III.Analysis

¶9     To answer whether the trial court abused its discretion, we first look to whether the trial court's stated reasons for granting a new trial met the requirements of Rule 59(d).  While the trial court did not explain how its reasoning fit within the grounds enumerated in Rule 59(d), based on its order and the plaintiffs' arguments, we focus our analysis on Rule 59(d)(1): irregularity in the proceedings.  In so doing, we conclude that none of the trial court's stated reasons constitutes an irregularity under Rule 59(d)(1).

¶10     We then decide whether a trial court may grant a new trial for a reason other than those listed in Rule 59(d).  More specifically, we consider whether a trial court may grant a new trial when it deems the jury's verdict to be a "miscarriage of justice," as the trial court did in this case.  Because a "miscarriage of justice" is not one of the enumerated grounds under Rule 59(d), we conclude that a trial court may not grant a new trial for that reason alone.  Accordingly, we hold that the trial court abused its discretion in granting a new trial.

## A. Grounds for a New Trial Under Rule 59(d)

### 1. Law

¶11 Rule 59 governs motions for post-trial relief, including motions for new trials. C.R.C.P. 59(a)(1). Rule 59(d) lists six distinct grounds for a new trial:

> (1) Any irregularity in the proceedings by which any party was prevented from having a fair trial; (2) Misconduct of the jury; (3) Accident or surprise, which ordinary prudence could not have guarded against; (4) Newly discovered evidence, material for the party making the application which that party could not, with reasonable diligence, have discovered and produced at the trial; (5) Excessive or inadequate damages; or (6) Error in law.

(Formatting altered.) The trial court here did not explain how its reasoning for granting a new trial—the jury's verdict, possible jury confusion, and a sustained objection—fit into the grounds provided in Rule 59(d). The plaintiffs' original motion for a new trial referenced Rule 59(d)(1) (irregularity in the proceedings resulting in an unfair trial), Rule 59(d)(5) (excessive or inadequate damages), and Rule 59(d)(6) (error in law). But the parties' arguments before us focus solely on Rule 59(d)(1). In addition, the trial court's order did not suggest reliance on any other ground in Rule 59(d). Accordingly, we focus our analysis on Rule 59(d)(1).

¶12 Our appellate courts have never defined what constitutes an irregularity in the proceedings under Rule 59(d)(1) and have addressed specific instances of alleged irregularities on only limited occasions. In Blecker v. Kofoed, 714 P.2d 909, 913 (Colo. 1986), we held that "the district court's analysis of the evidence under an incorrect allocation of the burden of proof," which shifted the burden and thus affected the outcome of the hearing, constituted an irregularity warranting a new hearing.

7

Similarly, in <u>First National Bank of Canon City v. Campbell</u>, 599 P.2d 915, 916–17 (Colo. 1979), we concluded that the omission of a necessary jury instruction constituted an irregularity under Rule 59(d)(1).

¶13    In contrast, in <u>Acierno by & through Acierno v. Garyfallou</u>, 2016 COA 91, ¶¶ 29–35, 42–44, 409 P.3d 464, 469–72, the court of appeals affirmed a trial court's order denying a motion for new trial under Rule 59(d)(1) when among other alleged irregularities, defense counsel misstated the law and made improper comments about runaway juries, and two witnesses gave trial testimony that differed from their depositions.[4]  As to the attorney misconduct, the court of appeals concluded that it did not result in prejudice sufficient to warrant a new trial because the jury was repeatedly instructed on the proper standard of law, the trial court admonished defense counsel in front of the jury for his improper remarks, and the court instructed the jury to disregard them.  <u>Id.</u> at ¶¶ 30–35, 409 P.3d at 469–70.  As to the witness testimony, the court of appeals noted that "changes in witnesses' testimony are not unusual" and that the plaintiff impeached those witnesses such that the jury could make an informed determination on credibility.  <u>See id.</u> at ¶ 44, 409 P.3d at 472 (internal quotation marks omitted).  Therefore, the court concluded that these changes in testimony "did not constitute an irregularity that was sufficiently prejudicial to warrant a new trial."  <u>Id.</u>

---

[4] Though the court of appeals analyzed the first two irregularities in the context of affirming the trial court's denial of a mistrial, the court also stated that "[f]or the same reasons, we conclude that the trial court did not abuse its discretion in denying [plaintiff's] request for a new trial on those grounds."  <u>Acierno</u>, ¶ 40, 409 P.3d at 471.

¶14     As demonstrated by the above, our courts have found an irregularity warranting a new trial under Rule 59(d)(1) only for improper occurrences at trial that either affected or likely affected the outcome—for example, a court shifting the burden of proof and improper jury instructions. But we have declined to find an irregularity resulting in an unfair trial for less significant discrepancies such as non-prejudicial attorney misconduct or changes in witness testimony. Thus, we can discern from the above cases that an irregularity warranting a new trial under Rule 59(d)(1) is an improper occurrence during the trial that affected or likely affected the outcome. With this understanding in mind, we now turn to the trial court's reasons for granting a new trial.

## 2. Application

¶15     Rather than articulate specific errors or irregularities that occurred at trial, it appears that the trial court took issue with the jury's verdict, assumed the jury must have been confused to produce such a verdict, and then traced the jury's "confusion" back to a sustained objection to a question about apportionment of fault. Reviewing this reasoning, we first conclude that there is no evidence of jury confusion in the record. We then decide whether the trial court's remaining reasons for granting a new trial qualify as irregularities under Rule 59(d)(1). We conclude that they do not. As a result, we conclude that the trial court's stated reasons for granting a new trial do not meet the requirements of Rule 59(d).

### a. Jury Confusion

¶16     Because it disagreed with the jury's verdict, the trial court found that the jury was confused or did not understand its role: "In hindsight, the jury did not understand

9

its role . . . . I am convinced that the jury did not fully comprehend or fully consider the evidence before it." However, we conclude that there is no evidence in the record of the jury misunderstanding its role. To the contrary, the record demonstrates that the jury was given instructions thoroughly informing it of its role, the plaintiffs' attorney frequently commented to the jury about its responsibilities,[5] and the jury properly filled out the verdict form. Because there is nothing in the record to indicate jury confusion, and because of the well-settled principle that we assume jurors follow the instructions given, see, e.g., People v. Flockhart, 2013 CO 42, ¶ 28, 304 P.3d 227, 235, we cannot conclude that the jury was confused.

¶17 The jury was tasked with deciding whether the plaintiffs presented sufficient evidence that one or both of the defendants was the negligent cause of the crash. In so doing, the jury had three options: It could conclude that one defendant was at fault, both defendants were at fault, or neither defendant was at fault. These options are clear from the jury instructions and the plaintiffs' attorney's arguments.

¶18 For example, Jury Instruction No. 8 states that the jury could find for the plaintiffs only if the plaintiffs proved the required elements by a preponderance of the evidence:

> For the plaintiffs . . . to recover on their claims of negligence, you must find that all of the following have been proved by a preponderance of the evidence:
> 1. The plaintiffs have losses;
> 2. The defendant or defendants were negligent; and

---

[5] The defendants' attorneys may have also commented on the jury's role, but that is not reflected in the partial record provided to us.

3. The defendant's or defendants' negligence was a cause of the plaintiffs' losses.

If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant.

In addition, Jury Instruction No. 11 demonstrates that the jury could find negligence on behalf of both Frascona and Lechtanski:

More than one person may be responsible for causing an injury or loss. If you find that Oliver Frascona was negligent and that his negligence caused losses to the plaintiffs, it is not a defense that some third person's negligence might also have been a cause of the losses.

If you find that Joseph Lechtanski was negligent and that his negligence caused losses to the plaintiffs, it is not a defense that some third person's negligence might also have been a cause of the losses.

Further, Jury Instruction No. 17 illustrates that the jury could apportion fault between each defendant if it found that both defendants were negligent:

If you find that the plaintiffs had damages and that the plaintiffs' damages were caused by the negligence of both defendants, then you must determine to what extent the negligence of each contributed to the damages of the plaintiff, expressed as a percentage of 100 percent.

The plaintiffs' closing argument also directed the jury to decide whether this "was one-pilot negligence, two-pilot negligence, or the combined actions of both of them." The attorney also stated, "if both of them caused the crash, you need to apportion liability between the two."

¶19 Finally, the verdict form demonstrates that the jury understood all of its instructions and was not confused. The jury answered "no" to both questions asking whether Frascona or Lechtanski were negligent. Then, the jury followed the instructions to stop there and did not answer the subsequent questions on

11

apportionment.  All six jurors then signed the verdict form, indicating that they all agreed on the verdict.

¶20    As a result, we conclude there is no evidence of jury confusion in the record provided by the parties, and therefore, under these facts, jury confusion was not an irregularity under Rule 59(d)(1).

## b. Sustained Objection

¶21    When plaintiffs' counsel asked Frascona's expert, Stimpson, what degree of fault he would assign to each defendant, the trial court sustained an objection from defense counsel, preventing an answer.  In its post-trial order, the trial court reversed course, concluding it had unduly limited cross-examination by sustaining the objection: "[I]f I had allowed this question to be asked on cross-examination, the jury may have better understood the issues it needed to resolve."  This conclusion is not supported by the record provided to this court.  As discussed above, the jury was made well aware of the issues it needed to resolve.

¶22    In addition, the error, if any, was not as severe as those previously found to be irregularities, which affected the outcome or likely affected the outcome.  Improper shifting of the burden of proof and the omission of a necessary jury instruction both concern a material event in the proceedings that is not isolated or fleeting, and thus warrant a new trial.  See Blecker, 714 P.2d at 913; Campbell, 599 P.2d at 916–17.  In fact, the proceeding in Blecker, where the court applied the incorrect burden of proof, would have turned out in the petitioner's favor rather than against him had the irregularity not occurred.  714 P.2d at 913.

12

¶23 But here, nothing in the record supports the conclusion that the sustained objection affected the outcome of this case. This potential error is more analogous to other alleged irregularities that our courts have disposed of such as non-prejudicial misstatements of law or fact or changes in a witness's testimony. Just as in Acierno, ¶ 32, 409 P.3d at 470, where the jury was properly instructed on the law—thus curing any harm from the attorney's misstatement—the jury here had ample knowledge of its role and the issues it needed to resolve and therefore did not need to hear the expert's apportionment of fault. Because of this, the sustained objection, even if erroneous, did not constitute an irregularity resulting in an unfair trial under Rule 59(d)(1).

### c. The Jury's Verdict

¶24 Finally, the trial court expressed dissatisfaction with the jury's verdict:

> [T]he evidence does not support the jury's verdict that neither pilot was negligent. The jury's verdict is tantamount to a finding that the four passengers in Frascona's airplane died as a result of circumstances outside of both pilots' control. But no evidence was offered that would support this finding—and no party argued in favor of that result.

> Based on the evidence presented at trial, the undisputed facts must result in a verdict implicating one or both pilots as the negligent cause of the crash. The finding of no liability as to both pilots is therefore a miscarriage of justice.

We are unaware of any case, and the parties point to none, that considers a jury's verdict to be an irregularity under Rule 59(d)(1). Indeed, it is unclear how the verdict itself—the result of the trial—could qualify as an irregularity in the proceedings depriving any party of a fair trial. Simply put, the verdict is not an error or occurrence in the proceedings; it is the outcome of the proceedings. Although an improper verdict

13

may <u>stem</u> from an irregularity, the verdict itself cannot be an irregularity. While we recognize the trial court's frustration with the verdict, that reason alone is insufficient to constitute an irregularity warranting a new trial. Additionally, as noted above, a verdict of no negligence was one of the options available to the jury.

¶25    We therefore conclude that none of the trial court's stated reasons for granting a new trial constituted an irregularity under Rule 59(d)(1).

### B.  Grounds for a New Trial Outside Rule 59(d)

### 1.  Law

¶26    We next address whether a trial court may grant a new trial for reasons other than those stated in Rule 59(d). To decide this question, we begin with the text of Rule 59. It provides that a party may file a motion for a new trial or a court may order a new trial on its own initiative. C.R.C.P. 59(a), (c). When a party files a motion, it "shall state the ground asserted." C.R.C.P. 59(a). Similarly, when a trial court orders a new trial on its own initiative, it "shall specify the grounds," and those grounds are limited to those "available to a party." C.R.C.P. 59(c).

¶27    Based on this language in Rule 59(c), we held in <u>Koch v. District Court</u>, 948 P.2d 4, 7 (Colo. 1997), that a trial court abuses its discretion when it orders a new trial on its own initiative and its stated reasons for doing so are not among those enumerated in Rule 59(d). Because the same requirement to specify the grounds from Rule 59(d) exists when a party files a motion for a new trial, we clarify today that a trial court also abuses its discretion when it orders a new trial upon motion by a party and the court's stated reasons for doing so are not among those enumerated in Rule 59(d).

14

¶28 We reach this conclusion for two reasons. First, we note that the grounds in Rule 59(d) are specific. There is no "catch-all" or discretionary ground available as there is in other post-trial relief rules. See, e.g., C.R.C.P. 60(b)(5) (providing authority for a court to "relieve a party . . . from a final judgment, order, or proceeding" for "any other reason justifying relief from the operation of the judgment"). This demonstrates that the grounds in Rule 59(d) are exclusive. Second, the rule makes clear that the only means for a court to order a new trial are upon motion by a party or on its own initiative, and the rule limits the grounds for either method to those listed in Rule 59(d).

¶29 We recognize that language from prior cases seems to suggest otherwise, and that the trial court and plaintiffs relied on this language. Specifically, the trial court stated it had the authority to grant a new trial because the jury's verdict was a "miscarriage of justice." This language comes from Steele v. Law, 78 P.3d 1124, 1127 (Colo. App. 2003). While understandable, the trial court's reliance on this language is misplaced. When the Steele court stated that the trial court should let a verdict stand "unless the court determines there has been a miscarriage of justice," see id., it did not create a catch-all exception to Rule 59(d). Instead, a complete reading of Steele reveals that the trial court in that case was attempting to define inadequate damages—a proper ground under Rule 59(d)(5):

> Whether to grant a new trial for inadequate damages is within the discretion of the trial court, and its ruling will not be disturbed in the absence of abuse of discretion. If the court concludes that the verdict is contrary to the weight of the evidence, it may grant a new trial. However, unless the court determines there has been a miscarriage of justice, it should let the verdict stand.

15

Id. (emphasis added) (citations omitted). Read in this context, the "miscarriage of justice" phrase describes the magnitude of inadequacy for a damages verdict to warrant a new trial under Rule 59(d)(5). It does not provide an independent ground for ordering a new trial outside of Rule 59(d).

¶30 The trial court also quoted Roberts v. Consolidated Freightways Corp. of Delaware, 735 P.2d 894, 896 (Colo. App. 1986), which stated that a judge may properly grant a new trial where "it is convinced that the jury has not fully comprehended or fairly considered the evidence before it." This language comes from Denver Tramway Co. v. Owens, 36 P. 848, 852 (Colo. 1894). Owens, issued before the enactment of the Colorado Rules of Civil Procedure in 1941, did not consider how Rule 59(d) limits a trial court's discretion. Accordingly, this language is not relevant to our current analysis, and to the extent Roberts conflicts with the current rule, we overrule it.

¶31 Finally, Burenheide v. Wall, 281 P.2d 1000, 1003 (Colo. 1955), cited by the plaintiffs, states that a trial court may grant a new trial if the verdict is "against the weight, sufficiency or preponderance of the evidence." This case discussed a trial court's authority to direct a verdict under Rule 50 and contains only a limited mention of Rule 59. But notably, the version of Rule 59 in existence at that time permitted a trial court to grant a new trial for "insufficiency of the evidence." C.R.C.P. 59(a)(6) (1941) (repealed 1985). In 1985, that ground was removed and relocated under 59(e) as a ground for granting a judgment notwithstanding the verdict when the evidence requires it "as a matter of law." C.R.C.P. 59(e)(1). Because Rule 59 no longer permits

16

trial courts to grant a new trial for insufficiency of the evidence, this language from Wall is not applicable.

¶32     Because the language of Rule 59 requires trial courts to limit reasons for a new trial to those enumerated in Rule 59(d), and because the cases suggesting otherwise are either inapposite or no longer good law, we conclude that a trial court may not grant a new trial for reasons other than those enumerated in Rule 59(d).

## 2. Application

¶33     The trial court's assertion that the jury's verdict was a "miscarriage of justice" warranting a new trial was improper. A "miscarriage of justice" is not one of the grounds enumerated in Rule 59(d). This is further supported by the fact that Rule 59(d) was amended to remove "insufficiency of the evidence" from the grounds for a new trial. Such a removal unmistakably illustrates that a trial court is not free to grant a new trial solely because it disagrees with the jury's verdict.[6]

¶34     This is not to say that the jury's verdict cannot be an indication that a new trial is necessary. It can, but an order granting such a new trial must be rooted in one of the grounds enumerated in Rule 59(d). Such a connection does not exist here. And without

---

[6] Instead, when the evidence is insufficient as a matter of law, the trial court may grant a judgment notwithstanding the verdict. C.R.C.P. 59(e)(1). The trial court itself indicated that requirement was not met here. It denied a previous motion filed by the plaintiffs for judgment notwithstanding the verdict, stating, "a genuine dispute exists as to whether each pilot's actions was the proximate cause [of the crash]. It is therefore not proper to direct a verdict against either pilot at this stage." The propriety of that ruling is not before us.

17

a connection to one of the enumerated grounds in Rule 59(d), the trial court's dissatisfaction with the jury's verdict is not a proper ground for a new trial.

## IV. Conclusion

¶35 The trial court's stated reasons for granting a new trial did not meet the requirements of Rule 59(d), and a trial court may not grant a new trial for a reason other than those enumerated in Rule 59(d). Thus, the trial court abused its discretion in granting a new trial. We therefore make our rule to show cause absolute and remand the case for further proceedings in accord with this opinion.