23CA1689 Skeescorp v Simon 09-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1689
Mesa County District Court No. 19CV30439
Honorable Matthew D. Barrett, Judge

Skeescorp, a Colorado corporation, Martin T. Skees, and Jodi Skees,

Plaintiffs-Appellees,

v.

Bo D. Simon and Bo Simon, Inc., a Colorado corporation,

Defendants-Appellants.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE SCHOCK
Fox and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 19, 2024

Brett R. Lilly LLC, Brett R. Lilly, Wheat Ridge, Colorado, for Plaintiffs-Appellees

Lewis Roca Rothgerber Christie LLP, Kendra N. Beckwith, Joseph Hykan, Denver, Colorado, for Defendants-Appellants

¶ 1    Defendant, Bo D. Simon,[1] appeals the damages award against him and in favor of plaintiffs, Martin T. Skees, Jodi Skees, and Skeescorp, on plaintiffs' claim for civil theft, as well as the order denying Simon's motion for a new trial on damages.  We affirm.

## I.    Background

¶ 2    Simon and the Skeeses were shareholders of Skeescorp, a construction company, from 2012 to 2016.  In 2015, Simon formed a competing business, Bo Simon, Inc. (BSI).  Plaintiffs alleged that Simon used BSI to improperly take business opportunities that belonged to Skeescorp.  Plaintiffs asserted claims against Simon and BSI for breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, unjust enrichment, civil theft, and intentional interference with prospective business relations.  This appeal concerns only the civil theft claim.

¶ 3    Before trial, the parties submitted stipulated jury instructions.  Those instructions included a damages instruction for the civil theft claim that matched Colorado's pattern jury instruction:

> The plaintiff has the burden of proving by a
> preponderance of the evidence the nature and

---

[1] Although defendant Bo Simon, Inc., was identified as an appellant in the notice of appeal, no judgment was entered against it.

extent of their damages.  If you find in favor of the plaintiff, you must determine the total dollar amount of the plaintiff's damages, if any, that were caused by the defendant's theft.

In determining such damages, you shall consider the following:

Any economic losses which the plaintiff had including, but not limited to, *[to be inserted before instructions provided to the jury, but after the evidence is presented].*

*See* CJI-Civ. 32:6 (2024).

¶ 4     The instructions were not finalized until the morning of the last day of trial.  Although the court had asked plaintiffs' counsel to submit the instructions the night before "as close to finalized as possible," they had not done so, and the instructions were still not in final form when proceedings began that morning.  Among other things, defendants' counsel had not received the damages instructions, and the instructions were "completely out of order."

¶ 5     The court allowed the parties additional time to work together to complete the instructions to both parties' satisfaction.  In doing so, the court expressed frustration about the delay but repeatedly urged the parties not to rush.  Defendants' counsel agreed to take the lead on reordering, retyping, and formatting the instructions.

During that process, plaintiffs' counsel gave defendants' counsel handwritten changes, which she "reviewed and considered . . . the best [she] could in [t]he limited amount of time [she] had."

¶ 6 Eventually, the parties notified the court that they had agreed on a final set of instructions, and defendants' counsel emailed them to the court. The court confirmed with counsel for each party that the instructions and verdict forms were to their satisfaction.

¶ 7 The final instructions included the following civil theft damages instruction:

> The plaintiff has the burden of proving by a preponderance of the evidence the nature and extent of their damages. If you find in favor of the plaintiff, you must determine the total dollar amount of the plaintiff's damages, if any, that were caused by the defendant's theft.
>
> In determining such damages, you shall consider the following:
>
> 1. Any economic losses which the plaintiff have had or will probably have in the future including:
>
>> a. Anything of value or any profit the defendants Bo D. Simon and Bo Simon, Inc. received as a result of the claims alleged against those Defendants;
>>
>> b. Any loss of the plaintiffs' property or assets caused by claims against those Defendants and

c. Any loss of profits or income which plaintiffs could reasonably have expected to earn had the defendants not acted wrongfully toward the plaintiffs according to he [sic] plaintiffs' claims against them.

In addition if you find that any economic loss is a result of civil theft as defined in these jury instructions, you may also award three times the amount of actual damages.

¶ 8    This appeal centers on the final sentence of that instruction — that the jury "may also award three times the amount of actual damages." That sentence did not appear in the stipulated instructions the parties submitted before trial, and the record does not indicate how or why it was added. No one objected to the instruction, and there was no discussion of it on the record.

¶ 9    The verdict form for the civil theft claim provided as follows:

We, the jury, find for the plaintiffs, Skeescorp, Martin T. Skees, and Jodi Skees, on the Fourth Claim for Relief, Civil Theft and jointly and [sic] award damages of $____ to them jointly, and punitive damages of $____, against the defendant, Bo D. Simon.

The verdict form did not refer to treble damages.

¶ 10    In closing argument, plaintiffs' counsel argued that "everything [Simon] did to date, in fact, belongs to Skeescorp" and "everything he has taken from them is not his." He asserted that plaintiffs had

4

been damaged by "just under 20 percent of . . . half a million to a million dollars a year" for "the last six years."  Then, after pointing out that the verdict form separated "damages" from "punitive damages," plaintiffs' counsel urged the jury to award plaintiffs "the basic amount of whatever the gross profit that he's received . . . and then treble that — add or double it for the punitive damage part."

¶ 11    The jury entered a verdict in favor of plaintiffs and against Simon on the civil theft claim.  On the verdict form, the jury indicated that it awarded "damages of $616,504" and "punitive damages of $581,619" to plaintiffs on that claim.[2]

¶ 12    After trial, plaintiffs moved for treble damages under section 18-4-405, C.R.S. 2024, which allows a plaintiff in a civil theft action to recover "three times the amount of the actual damages sustained."  Acknowledging that they could not recover both treble damages and punitive damages, plaintiffs proposed to waive the punitive damages in lieu of an award of treble the actual damages

---

[2] The jury also found in favor of plaintiffs on their claim for breach of fiduciary duty and awarded them $207,750 in damages and $207,750 in punitive damages on that claim.

awarded by the jury.  Plaintiffs asserted that the $616,504 in "damages" on the verdict form represented the actual damages.

¶ 13    Simon opposed the motion, asserting for the first time that the civil theft damages instruction was erroneous because it allowed the jury to "award treble damages, in addition to punitive damages." He argued that plaintiffs should not be able to replace the jury's punitive damages award with a higher award of treble damages and that the proper remedy was a new trial under C.R.C.P. 59(d).

¶ 14    The district court granted plaintiffs' motion.  It first found that there was "no issue" with the jury instruction because it was "agreed to by the parties" and "consistent with the pattern instruction."  It then concluded that it was obligated by statute to treble the damages.  The court struck the punitive damages award on the civil theft claim and trebled the $616,504 in damages awarded by the jury, for a total of $1,849,512.  It entered judgment in favor of plaintiffs and against Simon for $2,265,012, which also included $415,500 for the breach of fiduciary duty claim.

¶ 15    Simon then moved for a new trial under C.R.C.P. 59(d) on the ground that the erroneous jury instruction was an irregularity in the proceeding that prevented him from receiving a fair trial.  He

challenged the procedure by which the disputed language had been added to the instruction — namely, the time crunch created by preparing the final set of instructions on the last day of trial. He also argued that because of the erroneous instruction, it was "unknown whether the actual damages were already trebled by the jury," such that those damages were "potentially" trebled twice.

¶ 16 Plaintiffs argued in response that the district court had already rejected Simon's challenge to the jury instruction in its order trebling damages and that Simon had offered no basis for revisiting that conclusion. They also argued that Simon had waived his challenge to the jury instruction by failing to object to it at trial.

¶ 17 The district court denied the motion for a new trial "for the reasons set forth in [plaintiffs' response], and for the same reasons set forth in the Court's prior order involving the same issue."

## II. Instructional Error

¶ 18 Simon argues that the jury instruction on civil theft damages was erroneous because it (1) permitted the jury, rather than the district court, to award treble damages; and (2) allowed for an award of quadruple damages. Simon concedes that he did not preserve either argument at trial. But he urges us to consider them

7

on appeal, whether because they constitute plain error or because he raised them in his motion for a new trial. We decline to do so.

## A. Plain Error

¶ 19    As a general rule, we do not consider unpreserved arguments in civil cases. *Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C.*, 2012 CO 61, ¶ 18. This general rule carries particular force in the context of civil jury instructions, in light of C.R.C.P. 51. *See Day v. Johnson*, 255 P.3d 1064, 1067 (Colo. 2011); *Robinson v. City & Cnty. of Denver*, 30 P.3d 677, 684-85 (Colo. App. 2000).

¶ 20    Rule 51 requires all instructional objections to be made before the instructions are given to the jury and provides that "[o]nly the grounds so specified shall be considered on motion for a new trial or on appeal." Thus, a party's failure to object to a jury instruction at trial in a civil case ordinarily precludes appellate review. *See Day*, 255 P.3d at 1067 ("Alleged errors not objected to are waived."); *Bear Valley Church of Christ v. DeBose*, 928 P.2d 1315, 1330 (Colo. 1996) ("[A] party cannot seek appellate review of the propriety of a jury instruction unless counsel tenders such an objection prior to the court's presentation of the instructions to the jury.").

¶ 21    Notwithstanding this general rule, however, a few (mostly, if not exclusively, older) Colorado cases have reviewed unpreserved instructional error for plain error.  *See, e.g.*, *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579, 586-87 (Colo. 1984).  But those cases are exceedingly rare.  *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1195 (Colo. App. 2009).  Plain error review in civil cases — particularly of jury instructions — "must be confined to the most compelling cases" when reversal is "necessary to avert unequivocal and manifest injustice."  *Robinson*, 30 P.3d at 684-85 (citation omitted).

¶ 22    This is not one of those rare cases.  To start, assuming the instruction was erroneous, neither claimed error was so clear cut that the district court necessarily should have caught it despite the parties' agreement.  *See People v. Crabtree*, 2024 CO 40M, ¶ 42 (noting that an error is plain only when it "contravene[s] a clear statutory command, a well-settled legal principle, or established Colorado case law").  Although we agree that juries generally should not be instructed to determine statutory penalties, it is not reversible error to do so.  *Graham v. Zurich Am. Ins. Co.*, 2012 COA 188, ¶ 13 & n.2 (citing *Richards v. Sanderson*, 89 P. 769, 772 (Colo. 1907)); *see also Heritage Vill. Owners Ass'n v. Golden Heritage Invs.*,

*Ltd.*, 89 P.3d 513, 518 (Colo. App. 2004) (citing cases holding that the district court "may instruct the jury on treble damages").

¶ 23    And while the instruction *could* be read to permit quadruple damages — i.e., actual damages *and* an award of three times that amount — it could also be read to mean that if the loss resulted from civil theft, the jury could award a *total* of three times the amount of actual damages.  Notably, that is how plaintiffs' counsel described the damages in closing, asking the jury to award actual damages and then "double it for the punitive damage part" for a total of "three times of the amount."  To the extent Simon contends that it was error to make the award by the jury discretionary, he cites no case law holding that the *jury's* award of treble damages must be mandatory.  All that matters is that treble damages are ultimately awarded.  *In re Estate of Chavez*, 2022 COA 89M, ¶ 55.

¶ 24    In any event, even if the instructional error here were obvious, we cannot conclude that it resulted in unequivocal and manifest injustice.  *See Robinson*, 30 P.3d at 685.  The premise of Simon's manifest injustice argument is that the jury instruction *might* have resulted in damages being trebled twice (or quadrupled and then trebled) — once by the jury and then again by the court post-

verdict.  But Simon admits that we cannot make that determination from the verdict form itself.  Instead, his premise rests entirely on speculation about how the jury *might* have calculated damages based on what plaintiffs' counsel argued.[3]  Such speculation does not meet Simon's burden of showing that the claimed errors "almost surely affected the outcome of the case."  *Id.* (citation omitted).

¶ 25    Indeed, the record gives reason to think otherwise.  Plaintiffs' counsel argued in closing that plaintiffs had been damaged by "just under 20 percent of . . . half a million to a million dollars a year" for "the last six years . . . and now into" a seventh year.  He then asked the jury to award plaintiffs that amount of "damage" and then "add or double it for the punitive damage part."  In doing so, plaintiffs' counsel effectively referred to treble damages and punitive damages interchangeably.  This proposed methodology could reasonably support the conclusion that the $616,504 in "damages" in the first

---

[3] Simon notes that in the parties' proposed trial management order, plaintiffs stated that they were seeking "[c]ivil theft damages in the minimum amount" of $82,800.  But a party's damages are not limited to what they claim in the trial management order.  *See Belfor USA Grp., Inc. v. Rocky Mountain Caulking & Waterproofing, LLC,* 159 P.3d 672, 678 (Colo. App. 2006).  Moreover, plaintiffs sought *total* damages of approximately $3 million and argued at trial that everything Simon received was taken from Skeescorp.

11

blank of the verdict form — around twenty percent of half a million dollars a year for six years, plus some for a seventh year — referred to actual damages (with no multiplier), and the award of punitive damages in the second blank — which the court later *struck* — represented some portion of the treble damages.

¶ 26    Plaintiffs offer another theory as to how the jury could have arrived at $616,504 in actual damages based on a percentage of the total revenue BSI received. And the district court, which was in a better position than we are to assess what damages were proved at trial, similarly found that the $616,504 represented the jury's determination of actual damages.[4] If that is the case, then the jury instruction on treble damages had no effect on the final judgment because all additional damages were struck before trebling.

¶ 27    The point is not that we know how the jury calculated damages; the point is that we don't. And there are plausible theories — consistent with the jury instruction, the evidence, and

---

[4] Simon takes issue with the district court's equating the verdict form's reference to "damages" with "actual damages." But in his opening brief, Simon does the same thing with the substantively identical verdict form for the breach of fiduciary duty claim, stating that the jury awarded plaintiffs $207,550 in "actual damages" on that claim, even though the verdict form simply refers to "damages."

the argument — under which the jury's damage award (after punitive damages were struck) reflected only actual damages. For us to review an unpreserved instructional error in a civil case, the injustice must be "unequivocal and manifest," not merely possible. *Harris Grp.*, 209 P.3d at 1195. That standard is not satisfied where it is plausible that the putative error did not prejudice Simon at all.

¶ 28 Simon also contends that the frenzied process by which the final set of instructions was prepared warrants our review because his counsel had limited time to review and object to the instructions as she was inputting the revisions. But while the process was undoubtedly hectic, as the final day of trial often is, Simon's counsel had ample opportunity to object — not only before she submitted the instructions, but when the court asked her if they were to her satisfaction, when they were read to the jury, after the parties returned from the lunch break before closings, and before the written instructions were sent to the jury. *See id.* at 1200-01 (noting various opportunities for defendants to object to instruction before jury returned its verdict). Indeed, there appears to be no dispute that Simon's counsel took the lead on finalizing the instructions, thus giving her the opportunity to review any revisions

13

in real time before telling the court she was satisfied with them.[5] These circumstances do not constitute the kind of unequivocal and manifest injustice that might permit review of an unpreserved error.

¶ 29    Thus, we are not persuaded that the circumstances of this case are so unusual as to justify the exceptionally rare application of plain error review in the civil context.  *See id.* at 1201.

### B.    Rule 59 Motion for New Trial

¶ 30    Simon's contention that he preserved his challenge to the jury instruction in his Rule 59 motion fares no better.  A party may not preserve an issue for appellate review by raising it for the first time in a post-trial motion.  *Briargate at Seventeenth Ave. Owners Ass'n v. Nelson*, 2021 COA 78M, ¶ 66.  And to the extent Simon asserts that the district court abused its discretion in denying the Rule 59 motion, we disagree for many of the same reasons set forth above.

---

[5] Plaintiffs contend that Simon's counsel's involvement in preparing the jury instructions makes Simon responsible for the changes. *See Day v. Johnson*, 255 P.3d 1064, 1067-68 (Colo. 2011) ("[U]nder the invited error doctrine, we will not review alleged errors in jury instructions drafted and tendered by the now objecting party.").  We need not decide that issue because counsel's failure to object to the instruction forecloses our review, regardless of which party is deemed to have "drafted and tendered" the instruction.  *Id.*

¶ 31     Under C.R.C.P. 59(d)(1), a new trial may be granted when there has been an "irregularity in the proceedings by which any party was prevented from having a fair trial."  Certain instructional errors may constitute such an irregularity if they "affected or likely affected the outcome" of trial.  *Rains v. Barber*, 2018 CO 61, ¶ 14. But as on appeal, only objections made before the instructions are given to the jury may be considered on a motion for new trial. C.R.C.P. 51; *Baum v. S.S. Kresge Co.*, 646 P.2d 400, 402 (Colo. App. 1982); *see also Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 608-09 (Colo. App. 2007) (holding that plaintiffs waived claims of irregularities by failing to make contemporaneous objections).

¶ 32     We review the district court's ruling on a Rule 59(d) motion for a new trial for an abuse of discretion.  *Rains*, ¶ 8.  A district court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law.  *Id.*

¶ 33     The district court did not abuse its discretion by denying Simon's motion for a new trial.  It explained in its order that the motion was denied for the reasons in plaintiffs' response and in the court's prior order awarding plaintiffs treble damages.  One of those reasons was that the parties had agreed to the instruction and

15

Simon had not objected to it. That ruling was correct, as the court could not grant a new trial based on an instructional error to which no objection was made at trial. *See Bear Valley Church of Christ,* 928 P.2d at 1330 (holding that court of appeals erred by ordering new trial based on instructional error resulting in duplicative damages, where defendants did not object before instruction was submitted to the jury); *Baum,* 646 P.2d at 402 (holding that order granting motion for new trial is "reversible where . . . the objections to the jury instructions were not contemporaneously made").

¶ 34 As Simon points out, the district court also concluded that there was "no issue with the instruction." *See Gomez v. Walker,* 2023 COA 79, ¶ 26 ("[W]here a trial court addresses an argument, whether that argument was preserved is moot.") (citation omitted) (*cert. granted* Mar. 4, 2024). But the first reason the court gave as to why there was "no issue with the instruction" was that it was agreed to by the parties. That was a sufficient ground to deny the motion, regardless of whether the instruction was "consistent" with the pattern instruction or otherwise correct. *See Bear Valley Church of Christ,* 928 P.2d at 1329-30 (declining to review instructional error raised for the first time in motion for new trial

16

where motion was denied "in part because . . . the defendants did not adequately preserve the issue").

¶ 35     The district court therefore did not abuse its discretion by denying Simon's motion for a new trial, and because the issue was not preserved, we decline to review the propriety of the instruction.[6]

### III.    Order Trebling Damages

¶ 36     Simon next argues that the district court erred by trebling the jury's damage award because, in light of the damages instruction, that award might have already been trebled (or quadrupled). This argument overlaps with Simon's manifest injustice argument that we address above, and we reject it for similar reasons.

¶ 37     When a defendant is found liable for civil theft, the district court *must* award treble damages — that is, three times the amount of the actual damages sustained. *Estate of Chavez*, ¶ 55; *see also* § 18-4-405. But damages may only be trebled once. *See Richards*, 89 P. at 772-73 (noting that the court must ensure that the jury

---

[6] Because the district court found that the jury's damages award represented *actual* damages and then struck the punitive damages, we also are not persuaded that the claimed instructional error constitutes an irregularity in the proceeding that "affected or likely affected the outcome" of trial. *Rains v. Barber*, 2018 CO 61, ¶ 14.

verdict was for actual damages only before trebling those damages). This issue therefore turns on whether the jury's award of $616,504 in "damages" represented plaintiffs' actual damages or instead had already been trebled. If the latter, as Simon argues, the district court could not treble those damages again. *See id.* If the former, it would have been error not to. *Estate of Chavez*, ¶ 55.

¶ 38 As we have noted, the district court concluded, albeit implicitly, that $616,504 was the amount of actual damages. For the reasons above, that conclusion has record support. Although the jury was instructed that it may award three times the amount of actual damages, neither the instructions nor the verdict form specified where on the verdict form those treble damages, if awarded, should be accounted for — whether included in the "damages" award in the first blank or separated out as "punitive damages" in the second. And plaintiffs' counsel's closing argument suggested that they should be awarded as *punitive* damages, meaning the first category would be limited to *actual* damages. Moreover, as we explain above, a $616,504 actual damages award was not so far disconnected from the evidence and argument at trial as to suggest that it necessarily represented a multiplied amount.

¶ 39    We are not persuaded by Simon's arguments to the contrary. He points out that $616,504 is divisible by four and close to four times an amount plaintiffs' counsel argued in closing was "absolutely . . . taken under deceit or threat." But as the party asserting error, it is Simon's burden to show reversible error — in other words, that the $616,504 had already been trebled by the jury. *See Rego Co. v. McKown-Katy*, 801 P.2d 536, 540 (Colo. 1990).[7] His postulation as to how the jury *might* have calculated actual damages and then quadrupled them to arrive at $616,504 — with no account for the additional punitive damages award — does not establish that the district court erred in concluding otherwise.

---

[7] Simon cites *Francis v. Dahl*, 107 P.3d 1171, 1174 (Colo. App. 2005), and *Pettingell v. Moede*, 271 P.2d 1038, 1045 (Colo. 1954), for the proposition that prejudice should be presumed when the court cannot determine the extent to which an erroneous jury instruction affected the judgment. *But see Scholle v. Ehrichs*, 2022 COA 87M, ¶ 78 (holding that party asserting error must show they were prejudiced by the erroneous instruction), *aff'd in part and rev'd in part on other grounds*, 2024 CO 22. But both *Francis* and *Pettingell* concern the harmlessness of a preserved instructional error. Neither case requires us to presume prejudice from an unpreserved putative instructional error we have declined to review. Nor does either case undermine the fundamental obligation of the party asserting error to show there is error in the first place.

*Cf. People v. Gladney*, 570 P.2d 231, 235 (Colo. 1977) ("The mere possibility of prejudice is not sufficient to warrant reversal.").

¶ 40 Thus, because the record supports the district court's conclusion that the jury's award of $616,504 in damages represented plaintiffs' actual damages, the court correctly entered judgment for three times that amount under section 18-4-405.

## IV. Disposition

¶ 41 The judgment is affirmed.

JUDGE FOX and JUDGE JOHNSON concur.